## COGBURN *v.* STATE.

### Opinion delivered June 17, 1905.

1. HOMICIDE—BURDEN OF PROOF AS TO MITIGATING CIRCUMSTANCES.—While it is true that when a killing is proved the burden of showing circumstances that mitigate or excuse the crime devolves upon defendant if there is nothing in the evidence on the part of the State that tends to mitigate, excuse or justify the killing, still the burden on the whole case is on the State; and when evidence is introduced, either on

the part of the State or of the defendant, which tends to justify or excuse the killing, the jury must acquit if upon the whole case they have a reasonable doubt as to defendant's guilt. (Page 112.)

2.   SAME—INSTRUCTION.—An instruction in a murder case that if the jury had a reasonable doubt they should acquit, yet as to matters of mitigation defendant "would be required to furnish a preponderance of the evidence," was erroneous and misleading; if the defendant introduced proof tending to prove that the killing was justifiable or excusable, this tended to rebut the allegation of malice; and if the jury had a reasonable doubt on that point, they should acquit. (Page 112.)

Appeal from Pike Circuit Court.

JAMES S. STEEL, Judge.

Reversed.

*Robert L. Rogers, Attorney General*, for appellee.

RIDDICK, J.   The defendant, George Cogburn, was indicted by the grand jury of Montgomery County for murder in the first degree, on account of the killing of Jim West. On the trial the evidence tended to show that Cogburn and West had previously had a fight, and that there was a bad state of feeling between them.   West said afterwards that Cogburn had hit him with a rock, and some of the witnesses stated that West had threatened to get even with him, saying that he intended to "peck his head with the same rock."   Still others testified that he had threatened to kill him.

With this state of feeling between them, they attended a picnic at Fancy Hill, in that county, on the 25th day of July, 1903.   George Cogburn, the defendant, and one of his cousins, had a lemonade stand at the picnic, and several of his brothers were at the picnic.   Cogburn and his brothers were probably anticipating trouble from West, for they had with them at the lemonade stand two Winchester rifles.   West and one Perrin came up to the stand, Perrin having a Colt's 44 pistol in his hand, and some of the witnesses say that West had a pistol also. Cogburn and his brother, being, perhaps, apprehensive that West and Perrin were about to assault them, fired upon them with the

Winchester rifles, killing both of them almost instantly. Several witnesses for the State testified positively that, at the time of the shooting, neither West nor Perrin was making any hostile demonstration toward the defendant or his brother. On the other hand, several witnesses testified for the defendant that Perrin and West approached the lemonade stand in a threatening manner. That, as they approached, Andy Cogburn, a brother of George, commanded the peace, to which Perrin and West replied, "Damn your peace!" That Perrin made a demonstration as if he was about to shoot Andy Cogburn, when the defendant said, "Hold on there!" That Perrin then turned and fired a Colt's 44 revolver at defendant, who returned the fire with his rifle, and that, about this time, West also fired at defendant with a pistol, and that defendant then turned and shot him. Other shots were fired by a brother of the defendant. In other words, the testimony of a number of witnesses for the State tended to show that defendant was guilty of murder; while, on the other hand, the testimony of other witnesses, most of whom were related to the defendant, tended to show that he shot in self-defense. The jury found the defendant guilty of murder in the second degree, and assessed his punishment at five years in the penitentiary.

On the trial the court gave the jury very full instructions in reference to the law of self-defense and the other points involved in the case, and we see no error in these instructions. Among them was the following, which is a copy of the statute:

"The killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve upon the accused, unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide." Kirby's Dig. § 1765. This section of the statute, it will be seen, is a rule of law to be applied when the killing has been proved, and there is nothing shown to justify or excuse said act. In such a case it may well be presumed that there was no justification, or the defendant would have shown it.

In commenting on this instruction, the attorney for the State said:

"The court tells you, under this instruction, which I read to you, that, the killing being proved, the burden of proving circumstances of mitigation and justification devolves on the accused. Under this law, after we introduced Jim West, we could have rested our case, and the burden was upon them to establish justification; and if they fail to satisfy you by a preponderance of evidence that the killing was justifiable, then you should convict him." To which the defendant objected, and the court said: "While it is true that if, upon the whole case, they had a reasonable doubt, they must acquit, yet as to matters of mitigation he would be required to furnish a preponderance of the evidence." Now, the argument of the prosecuting attorney, as shown in the record, was not in accordance with the law; for, while it is true, as our statute declares, that when the killing is proved the burden of showing circumstances that mitigate or excuse the crime devolves upon the accused, where there is nothing in the evidence on the part of the State that tends to mitigate, excuse or justify the killing, still the burden on the whole case is on the State; and when evidence is introduced, either on the part of the State or the defendant, which tends to justify or excuse the act of the defendant, then if such evidence, in connection with the other evidence in the case, raises in the minds of the jury a reasonable doubt as to the guilt of the defendant, the jury must acquit. This is settled in this State by the statute which declares that "when there is a reasonable doubt of the defendant's guilt upon the testimony in the whole case, he is entitled to an acquittal." Kirby's Dig. § 2387.

But if this statement of the prosecuting attorney were correct—that when the killing is proved the defendant must show by a preponderance of the evidence that the killing was justifiable—the jury would have to reject his defense whenever it was not supported by a preponderance of the evidence. This would limit the doctrine of a reasonable doubt to the fact of the killing, and when that was established beyond a reasonable

doubt it would put the burden on the defendant of establishing justification by a preponderance of the evidence, and if he failed to do so the jury would be required to convict him, even though the evidence adduced by him was sufficient to raise a reasonable doubt as to his guilt. But it cannot be said that the defendant must make out his defense by a preponderance of the evidence, and also that he is entitled to an acquittal if on the whole case the jury have a reasonable doubt of his guilt, for the two propositions are to some extent inconsistent. Testimony not sufficient to establish a fact by a preponderance of the testimony may be sufficient to raise a reasonable doubt as to the existence of the fact. To tell the jury that they must convict unless the fact of self-defense is established by a preponderance of the testimony, and also that they must acquit if they have a reasonable doubt as to whether the defendant acted in self-defense, is telling them to follow two rules which may lead to very different results.

The statute, it will be noticed, says nothing about preponderance of evidence. It says that, the killing being shown, the burden is on the defendant to show facts that justify or excuse his homicide. When, however, he introduces his proof, the question, says Mr. Wharton, arises: "Is it sufficient for him if he raises a reasonable doubt as to the defense he advances? Or must he establish this defense by a preponderance of proof, in order to entitle him to an acquittal?" He answers the question by saying that when the defense traverses some essential ingredient of the indictment, such as malice or premeditation, it is sufficient if the proof raises a reasonable doubt. If the defendant undertakes to show that the act was done in necessary self-defense, this tends to rebut the allegation of malice; and if the jury have a reasonable doubt on that point, they should acquit, for that is a reasonable doubt as to whether an essential charge in the indictment is true or not. It is otherwise when the defense does not traverse any essential averment of the indictment; for instance, when former conviction or acquittal of the same offense is set up. Wharton's Crim. Neg. § § 331-334.

Our statute, as before stated, has answered the question for this State in the same way by declaring that when there is a reasonable doubt on the whole case the jury must acquit; thus

showing that the defendant is not required to make out his case by a preponderance of the evidence. The statement of the law made by the prosecuting attorney was clearly wrong; and when objection was made to it, the court should have stopped him, and told the jury to disregard that statement. *Tanks* v. *State,* 71 Ark. 459. But the court did not do so, and, in effect, told the jury that while, if they had a reasonable doubt on the whole case, they should acquit, yet that as to matters of mitigation the defendant must furnish a preponderance of the. evidence. We have already shown that this statement of the law is contradictory, and is not correct. As defendant did furnish the evidence of several witnesses tending to show that the killing was in self-defense, he had the right to have the jury told that it was not necessary for his acquittal that the evidence on this point should preponderate in his favor, but that, if it only raised a reasonable doubt of his guilt on the whole case, he was entitled to an acquittal. The court so stated the law to the jury in his general instructions, but permitted the prosecuting attorney to argue to the contrary before the jury. This ruling of the court upon objection to the argument was, we think, erroneous and prejudicial to the defendant, for which the judgment must be reversed, and a new trial ordered.

　　It is so ordered.