## TIGNOR v. STATE.

### Opinion delivered September 30, 1905.

1.  HOMICIDE—ACCUSED'S FAILURE TO EXPLAIN CIRCUMSTANCES—INSTRUCTION.—In a murder case in which defendant and his wife and the deceased were the only persons who were present at the time the killing took place, and defendant testified fully in regard to the circumstances that led to the killing, his wife being incompetent to testify, it was error to instruct the jury that defendant's failure to make any effort to rebut or explain certain facts and circumstances connected with the killing, of a grave and suspicious nature, and peculiarly within his knowledge, might be considered in determining his guilt or innocence. (Page 492.)

2.  SAME—EVIDENCE OF FORMER ASSAULT.—The facts with reference to an assault alleged to have been committed by deceased upon defendant's wife two weeks before deceased was killed were not provable as tending to show justification for the killing. (Page 492.)

3.  SAME—ABSTRACT INSTRUCTION.—It was improper to instruct the jury that defendant's failure to rebut or explain facts and circumstances of a grave and suspicious nature and peculiarly within defendant's knowledge should be considered in determining his guilt or innocence, if there was nothing that justified the court in referring to such facts and circumstances as being of a grave and suspicious nature, or as being peculiarly within defendant's knowledge. (Page 492.)

4.  SAME—ERRONEOUS INSTRUCTION—AGGRAVATION BY ARGUMENT.—Error of the court in instructing the jury to consider defendant's failure

to introduce rebutting testimony, which the court had refused to permit him to introduce, was aggravated by the argument of the prosecuting attorney in which he called attention to the failure of defendant to introduce such testimony. (Page 492.)

5. SAME—BURDEN OF PROOF.—Where the jury are instructed, in a murder case, that, the killing being proved, the burden of proving circumstances that justify or excuse the homicide devolves upon the accused, as provided by Kirby's Digest, § 1765, they should be further instructed that on the whole case the guilt of the accused must ·be proved beyond a reasonable doubt. (Page 493.)

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

### STATEMENT BY THE COURT.

The defendant, Seburn Tignor, was indicted, tried, and convicted of murder in the first degree for killing Andrew Lary in Miller County, on the 22d day of July, 1903, by shooting him with a gun and striking him with an ax. At the trial two witnesses for the State testified that on the day of the killing they were going along the road towards the home of the defendant; that when they were about 200 yards distant from the house in which he lived, they heard two or three gunshots fired, and in a few moments afterwards came in sight of the defendant, who was approaching the body of Andrew Lary, which lay just outside of the yard of the defendant. When defendant saw them, he came towards them, and told them that he had killed Lary. Defendant had a gun and a broad axe in his hands, and seemed to be excited, but the witnesses did not remember that he stated his reasons for killing Lary. The witnesses testified that a single-barrel shotgun lay near the body of Lary, and that the trigger of the gun was cocked, but that it had not been discharged. Lary had been shot in the head, and the skull indicated that he had also been struck on the head with an axe or some blunt instrument. Near him was his dog, which had also been shot.

The defendant testified in his behalf that he had been informed that Lary, some two weeks before the tragedy, had attempted to assault defendant's wife at a church meeting, and that Lary had made threats against her; that his wife was informed

that Lary would pass their house that day, and, being appre-
hensive that he might carry out his threats, had requested defend-
ant to remain at home and protect her; that defendant went to
work as usual that morning, but took his gun with him, and, about
11 o' clock returned home to see how his wife and children were
getting along; that when he came in sight of his house, about two
hundred yards away, he saw Lary with his gun drawn on his
wife; that defendant walked to within thirty yards of Lary, and
then called to him to take his gun down; that Lary turned and
drew the gun on witness, as if he were about to shoot, and witness
fired and killed him. He denied having struck Lary, and stated
that Lary fired his gun about the same time that witness fired.

Defendant offered to prove by witnesses who were at the
church when defendant claimed that his wife had been assaulted
by Lary that it was reported there that Lary had assaulted her,
but the court refused to allow the proof of such a report to be
made. Defendant offered no further testimony on that point.

After the evidence was in, the court, among other instruc-
tions, gave the following instruction, numbered 18, to the jury,
over defendant's objection, to-wit:

"You are instructed that where evidence which would rebut
or explain certain facts and circumstances of a grave and suspi-
cious nature is peculiarly within the defendant's knowledge and
right, and he makes no effort to produce the same, the jury may
properly take such fact into consideration in determining defend-
ant's guilt or innocence."

He also gave section 1765 of Kirby's Digest to the effect
that, the killing being proved, the burden of proving circum-
stances of mitigation that justify or excuse the homicide shall
devolve on the accused, etc.

The bill of exceptions states that in his closing argument the
prosecuting attorney argued to the jury that defendant had failed
to prove the report of the attempted assault on his wife at the
church, to which argument the defendant excepted.

After judgment against him for murder in the first degree,
the defendant filed a motion for new trial, which being overruled,
he appealed.

*Robert L. Rogers, Attorney General,* for appellee.

The indictment having been lost, it was proper to try the defendant upon a copy of the record. Kirby's Dig. § 2250; 40 Ark. 488. The indictment charged but one offense, and no election was necessary. 50 Ark. 313; 1 Bish. Cr. Pro. 268.

Riddick, J., (after stating the facts.) This is an appeal from a judgment convicting the defendant of murder in the first degree. The defendant is a negro, and the person whom he killed was a negro. The evidence of his guilt is amply sufficient to sustain the judgment, but we are of the opinion that the court erred in giving the 18th instruction set out in the statement of facts. We see nothing in the evidence that justified such an instruction.. It is not shown that any one besides the defendant and his wife and the deceased, Lary, was present at the time the killing took place. His wife was not a competent witness, and he could not put her on the stand. The law did not require that the defendant should testify, though he did take the stand and testified fully in regard to the circumstances that led to the death of Lary. Whether this testimony was true was a matter for the jury, and not the court. If this instruction referred to the failure of defendant to show the facts in reference to the previous assault which defendant testified that he had heard was made by Lary upon defendant's wife, it was improper, for this assault happened two weeks before the killing, and was no justification therefor, and the failure of the defendant to prove the facts in reference thereto was no evidence of his guilt. If it was competent for defendant to prove the circumstances of such assault, it does not appear that the facts and circumstances in reference thereto were so peculiarly within his knowledge, or that they were of such nature, as to justify this instruction to the effect that where evidence which would rebut or explain "facts and circumstances of a grave and suspicious nature and peculiarly within defendant's knowledge and right, and he makes no effort to produce the same, the jury may properly take such fact into consideration in determining defendant's guilt or innocence." There was nothing about this reputed assault that justified the court in referring to it as of a grave and suspicious nature, while, as we have stated, the defendant testified fully in reference to the facts of the homicide. The effect of this instruction was aggravated by

the argument of the prosecuting attorney, in which he called attention to the failure of the defendant to prove the report of the attempted assault of Lary upon his wife, which proof had been excluded by the court.

Again, the court gave section 1765 of Kirby's Digest, to the effect that, the killing being proved, the burden of proving circumstances that justify or excuse the homicide devolves upon the accused, etc. Now, this instruction is taken from the statute, and is the law, but it should have been accompanied with an instruction that on the whole case the guilt of the defendant must be proved beyond a reasonable doubt, so that the jury might understand that, though the burden of proving acts of mitigation may devolve on the accused, it is sufficient for him to show facts which raise in the minds of the jury a reasonable doubt as to his guilt. *Cogburn* v. *State*, *ante* p. 110. But, so far as the record here shows, the court did not refer to the question of reasonable doubt in any portion of his charge. The only reference to that question found in the record is in an instruction asked by defendant which was refused, and properly so, because it did not state the law correctly. While the failure to give an instruction on that point was not of itself a reversible error, for the reason that the defendant did not ask any proper instruction on that point, still the failure to give such an instruction emphasizes the error in giving instruction 18, to which we have referred. On the whole case, for the reasons stated, we are of the opinion that there was error in the charge of the court, and for that reason the judgment must be reversed, and a new trial granted. It is so ordered.