FORT SMITH LIGHT & TRACTION COMPANY *v.* FLINT.

Opinion delivered January 7, 1907. .

STREET RAILROAD—NEGLIGENCE—IMPROPER ARGUMENT.—Where, in an action for injuries received by plaintiff in a collision with a street car, the issue was whether the inexperience of the motorman caused the accident by reason of his failure to stop the car after the danger was discovered, it was error to permit plaintiff's attorney to argue that the street car company was liable if it permitted an inexperienced motorman to operate the car, regardless of whether such inexperience caused the accident or not.

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; reversed.

*Brizzolara & Fitzhugh,* for appellant.

Where the plaintiff was guilty of contributory negligence, the defendant was only bound to exercise ordinary care to avoid injuring him, after discovering his perilous position. 62 Ark. 164; 64 Ark. 420; 91 S. W. 748; 101 N. W. 298; 78 S. W. 82.

2. It is error, for which this court will reverse, if the trial court refuses to reduce oral instructions to writing when requested. Kirby's Dig. § 6196; 51 Ark. 177.

3. After having instructed the jury that there was no evidence that the motorman was incompetent, it was error to permit plaintiff's counsel to argue that the defendant was liable because of the motorman's incompetency. The court's refusal to check counsel was an indorsement, in effect, of his statements. 69 Ark. 67.

4. Where a person permits his team to remain on the street car tracks until struck by a car, he cannot recover. 25

Atl. 601; 40 Atl. 67; 24 Atl. 688; 62 N. W. 1007; 74 N. Y. Supp. 844; 75 S. W. 672; 37 So. 452.

*Dan Danielson,* for appellee.

1. The verdict will not be disturbed where there is sufficient evidence to sustain it. 51 Ark. 467; 70 Ark. 136.

2. If either party is entitled to complain of the so-called oral instructions given, it is the plaintiff, since they were more favorable to the defendant than to him; but failure to reduce them to writing was a mere unsubstantial error, and the court will not reverse on that account. 51 Ark. 177.

3. Under the evidence and the instructions, counsel for plaintiff was justified in arguing to the jury that defendant was liable because the motorman was incompetent. 69 Ark. 648.

4. Motormen are required to keep a reasonable and careful lookout to discover pedestrians and vehicles on or approaching the track, so as to be able to take proper precaution to avoid injuries. 72 Ark. 572.

RIDDICK, J. This is an action brought by John Flint against the Fort Smith Light & Traction Company to recover damages for injuries occasioned from a collision with a street car. Flint was driving a wagon, which was struck by a street car, resulting in severe injuries. He testified on the trial that he was driving, and that, as the wagon got on the street car track, one of the horses hitched to the wagon balked and refused to move forward. That he did all he could to get them across, but was unable to do so, until the wagon was struck by the car, and he was injured. On the other hand, several witnesses testified that the plaintiff deliberately stopped the wagon on the street-car track and remained there until the wagon was struck and knocked over by the car. There seems from the transcript to have been a conflict in the evidence on this point, and, if so, the question whether the plaintiff was guilty of contributory negligence should have been left to the jury. But the trial judge was of the opinion that the evidence clearly showed negligence on the part of the plaintiff, and he told the jury that under the testimony and conceded facts the plaintiff was guilty of contributory negligence, and that he could not recover unless they believed "from the evidence that defendant's motorman in charge of its car actually

discovered plaintiff's perilous position in time to have prevented injuring him and negligently failed to do so." Assuming that the plaintiff was guilty of negligence contributing to his injury, and the evidence tends very strongly to show that he was, this was a correct statement of the law. But counsel for plaintiff in his closing argument made the following statement to the jury:

"The defendant in this action was liable to the plaintiff because the motorman, E. V. Sappington, was inexperienced and did not know how to manage and control the car that injured plaintiff; and that defendant was liable because it had permitted Sappington to operate the car, and that Sappington did not have sufficient experience to exercise proper care in controlling the car."

The defendant objected to this statement at the time, but the court overruled the objection, and defendant contends that this ruling of the court was erroneous and prejudicial.

There was evidence tending to show that W. T. McMinn was motorman in charge of the car at the time of the accident, and that Sappington was working under him, and was operating the car at that time. Both of these men were on the front of the car, and McMinn, who was an experienced motorman, testified that "Sappington cut the current and applied the brake while he reversed the car, that on account of there being two motormen the car was reversed and brake applied quicker than it would have been possible for one man to have done so." He further testified that it was getting dark and very dusty, and that, although they were keeping a lookout, they did not see the wagon until too close to avoid striking it. There was other testimony that the wagon could have been seen in time to have avoided the collision. The question submitted to the jury by the instructions was whether the employees in charge of the car exercised due care in trying to stop the car after the wagon was discovered on the track. That was the question on which, under the instructions of the court, the liability of the defendant depended. But the argument referred to was misleading, for it evaded the question presented by the instructions as to whether due care was exercised by the employees in charge of the car, and told the jury that the defendant was liable because one of the motormen, E. V. Sappington, was inexperienced and did not

know how to manage the car. Now, leaving out the fact that McMinn, an experienced motorman, was in charge of the car with Sappington, suppose that Sappington was inexperienced, still the company could not have been responsible to plaintiff on that account unless Sappington's inexperience caused the accident by reason of his failure to stop the car after the danger was discovered. The jury may have believed from the evidence that the car could not have been stopped after the employees discovered the wagon on the track. If this was so, the instructions of the court told the jury to find for defendant; while on the other hand the argument of counsel told them that the company was liable in any event because of the inexperience of Sappington. The argument of counsel was in conflict with the law and the instructions of the court, and the objection thereto should have been sustained. *Cockburn* v. *State,* 76 Ark. 110.

It does not, of course, necessarily follow that, because an improper argument has been made by the plaintiff's attorney, the judgment rendered in favor of plaintiff must be reversed. But the argument in this case affected the pivotal point in the case, and evaded the question submitted by the court, and was calculated to cause the jury to lose sight of that point and decide the case on another point. It is true that the jury, in determining the question as to whether proper efforts were made to stop the car, had the right to consider the testimony bearing on the question of the skillfulness of those in charge of the car. For it was alleged in the pleadings that the car was operated by an inexperienced and unskillful motorman, but this fact, if proved, did not of itself, as counsel asserted, justify a verdict for plaintiff. We are, therefore, of the opinion that this argument was improper and prejudicial, and that the court erred in overruling the objection made to it by counsel for the defendant.

For this reason the judgment is reversed, and the cause remanded for a new trial.