## BAILEY *v.* STATE.

### Opinion delivered November 11, 1912.

TRIAL—EFFECT OF CONFLICTING INSTRUCTIONS—INSANITY.—In an indictment for rape, where the defense of insanity is relied upon, it is prejudicial error to instruct the jury that such defense must be "clearly proved," although the court further instructed the jury that the defense was made out if there was a reasonable doubt of his guilt; the two ideas being contradictory.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*G. C. Hardin,* for appellant.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

WOOD, J.   The appellant was convicted of the crime of carnal abuse under an indictment that charged rape. One of the defenses was insanity. There was proof tending to show that the appellant at the time of the alleged offense was insane. There was also evidence tending to show that he was of sound mind.

The court gave instruction numbered 10, as follows:

"10.   The court instructs you that every man is presumed to be sane, and to possess a sufficient degree of reason to be responsible for his crime, until evidence is adduced that raises in your mind a reasonable doubt as to his sanity; and to establish a defense on the ground of insanity it must be clearly proved that at the time of committing the act the defendant was laboring under such a defect of reason from disease of mind as not to know the nature or character of the act he was doing, or, if he did know it, that he did not know he was doing wrong."

The court also gave instructions numbered 13 and 14, as follows:

"13.   But it is not necessary, in order for the defendant to be acquitted, that it should be shown by the evidence that at the time of the commission of the act he did not know right

from wrong as to his acts in general, but if you have a reasonable doubt from the evidence as to whether defendant's act was caused by mental disease or unsoundness of mind which dethroned his reason and judgment with respect to that act, which destroyed his power rationally to comprehend the nature and consequences of the act, and which overpowered his will and inevitably forced him to its commission, then he is not in law guilty of any crime.

"14.   If the jury have a reasonable doubt arising out of the evidence as to whether or not the defendant, at the time of the commission of the offense charged against him, knew right from wrong as to the act committed, or, if he so knew, you have a reasonable doubt from the evidence as to whether or not, on account of unsoundness of mind then existing, he was mentally incapable at that time of adhering to the right and avoiding the wrong, and incapable by reason of such mental condition of guiding his conduct in accordance with such choice, he would not be guilty."

The instruction numbered 10 puts the burden on the defendant to clearly prove that at the time of the commission of the act he was "laboring under such a defect of reason that he was not capable of knowing the nature or character of the act he was doing."   In this respect the instruction was inherently erroneous and highly prejudicial.   Appellant was entitled to his defense of insanity if the evidence adduced in his behalf or the evidence in the whole case raised a reasonable doubt in the minds of the jury as to his sanity.   The court so told the jury in the first part of the instruction numbered 10, but in the concluding part just quoted the court announced the contrary rule.   It is contended that, when this instruction is considered in connection with instructions numbered 13 and 14, the jury could not have been misled, but we are of the opinion that the instructions were in hopeless conflict. *Cogburn* v. *State*, 76 Ark. 110.

The jury had no correct guide.   In one part of the charge, considering it as a whole, they were told that the appellant's insanity must be clearly proved.   In another part they were told that it was sufficient if the evidence raised a reasonable doubt as to his sanity.   These ideas are contradictory.

The defendant is not required to clearly prove his insanity

before he can avail himself of that defense, yet the jury may have concluded from this language that it was his duty to make absolute proof of that fact before he could get the benefit of his defense. Raising in the minds of the jury a reasonable doubt as to his sanity is equivalent to saying that he is not required to make positive or clear proof of that fact. Both rules are given to the jury to guide them in their deliberation. How would they know which was correct, and which one they must obey? To clearly prove is to prove beyond a reasonable doubt or to the exclusion of any reasonable doubt, and that is not required of the defendant on any criminal charge. It is sufficient, as we have stated, if the evidence on his behalf or the evidence in behalf of the State raises a reasonable doubt in the minds of the jury of his insanity, where that is set up as a defense.

In instruction numbered 3 the court told the jury "that actual penetration was necessary, but no particular depth is required, and the hymen need not be ruptured nor the body be torn." The instruction was not happily worded in stating facts that it was unnecessary to prove, but the physical condition of the private parts of the prosecutrix as the result of the alleged violence of appellant upon her was disclosed by the evidence, and it was undisputed. We are of the opinion that no prejudicial effect was produced by the instruction.

The other errors complained of will not likely arise on another trial, and it is unnecessary to now pass upon them. For the error indicated in the giving of instruction numbered 10, the judgment is reversed, and the cause remanded for a new trial.

KIRBY, J., dissenting.