WILLIAMS v. STATE.

Opinion delivered September 26, 1921.

1.   HOMICIDE—SELF DEFENSE—INSTRUCTION AS TO BURDEN OF PROOF. —It was not error, in a murder case, to instruct upon the burden of proving circumstances of mitigation that justify or excuse

the homicide, etc., in the language of Crawford & Moses'
Dig., § 2342, where the court, in another instruction, told the
jury that "it is a sufficient defense if the circumstances of
mitigation or justification are such as would raise in your
minds a reasonable doubt as to the defendant's guilt."

2.  HOMICIDE—DEFENSE OF HABITATION OR PROPERTY.— An instruc-
tion upon the right to kill in defense of habitation or property
was properly refused as being abstract where there was no tes-
timony to warrant an inference that the killing was done in
defense of either home or property.

Appeal from Ouachita Circuit Court; *George R.
Haynie,* Judge; affirmed.

*Powell & Smead,* for appellant.

1.  Instruction No. 5 given by the court erred in
that it ignored the rule that on the whole case the bur-
den was on the State to prove the defendant's guilt be-
yond a reasonable doubt.

2.  Instruction No. 7 requested by the defendant
was correct, and such an instruction as he was entitled
to on the theory of self defense, even though the killing
was not committed in defendant's home or place where
he was visiting.  As a guest in the house where the kill-
ing occurred, he had the same right to protect himself
and the house as if he had been in his own home.  He
was entitled to an instruction on his theory of defense.
55 Ark. 593; *Id.* 604; 113 Ark. 454.

3.  Requested instruction numbered 9 was based on
the statutes, §§ 2372 and 2373, Crawford & Moses' Digest,
and should have been given.  Cases *supra.*

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

1.  Since appellant in his brief urges error only in
respect to the giving of instruction No. 5 and refusing
to give instructions numbered 7 and 9 requested by him,
all other assignments of error in the motion for new
trial will be deemed to have been waived.  147 S. W. 76;
150 S. W. 125.

2.  Instruction No. 5 given by the court is the law of the case.  Section 2342 Crawford & Moses' Digest; 71 Ark. 459; 120 Ark. 193.  It is admitted to be the law by appellant himself in his requested instruction No. 8 which the court gave.

3.  Appellant's plea was not that he killed deceased in defense of habitation or property but self defense. There was no error in refusing his requested instructions 7 and 9.  Moreover the court fully covered defendant's theory of defense in instructions 3, 4, 5, 6 and 8, given at his request.

WOOD, J.  The appellant was indicted for the crime of murder in the first degree in the killing of one Burl Beard.  He was convicted of voluntary manslaughter. Burl Beard lived at his father's home, which was about two hundred yards from the home of Dorsey Warrent. In the early morning of October 15, 1920, Beard was out on the porch at his father's house when Warrent called to him, saying, "Come up here, Burl; I want to see you."  Burl replied, "I can't; I have to help papa." Warrent called him again and Burl put on his shoes but didn't lace them and went to Warrent's.  Warrent accused Beard of being around his house the night before, which Beard denied.  The appellant, who had spent the night at Warrent's house, accused Beard of being around the house the preceding night.  According to the testimony for the appellant, Beard became enraged at the appellant because he had accused him of being around the house of Warrent the night before, told the appellant that he lied about it, went back to his home and returned to Warrent's.  The mother of appellant went over to Warrent's home, and while she was there Beard returned and asked his mother for a key, and started to go in the yard, and his mother and Warrent tried to prevent him. He continued on to the steps of the house when appellant told him not to come any further.  Beard made the next step, and the appellant shot him.  Beard had his hand behind him and stepped on the porch, and the ap-

pellant fired again. Beard had nothing in his hand. No weapon was found on his person.

Among others, the court on its own motion gave the following instuction:

"No. 5. The killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused, unless by proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide."

The court refused the following prayers of appellant for instructions:

"No. 7. You are instructed that justifiable homicide is the killing of a human being in necessary self-defense, or in defense of habitation, person or property against one who manifestly intends or endeavors, by violence or surprise, to commit a known felony; and if the jury believe from the evidence in this case that the defendant shot and killed the deceased while in the defendant's home or place of habitation, or where the defendant was visiting, and that the deceased at the time he was shot by the defendant was manifestly endeavoring to assault the defendant for the purpose of taking his life or doing him great bodily harm, then the defendant was not required to retreat, but had the right to stand his ground, and, if it appeared to him, acting as a reasonably prudent person, to be necessary to shoot deceased to prevent such assault, then he is justified in so doing, and your verdict will acquit him therefor."

"No. 9. You are instructed that every man's house or place of residence shall be deemed and adjudged, in law, his castle. And a manifest attempt and endeavor in a violent, riotous or tumultuous manner to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein, shall be a justification for homicide. So, in

this case,. if you believe from the evidence that the house in which deceased was shot by defendant was the place of residence of defendant, whether he owned the house or not, and that the deceased, in a violent or threatening manner, entered said house, for the purpose of assaulting or offering personal violence to the defendant, then the defendant would be justified in shooting deceased, and you will find him not guilty.''

1.    Error is predicated on the ruling of the court in giving instruction No. 5, the contention being that the instruction was erroneous because it ignored the well known rule of law that in criminal prosecutions the burden of proof upon the whole case is on the State. The instruction was a literal copy of section 2342 of Crawford & Moses' Digest.    It must be read in connection with another instruction which the court gave, and which appellant fails to abstract, and which reads as follows:

''You are instructed that, while it is true that, the killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused, unless by proof on the part of the prosecution it is sufficiently manifest that the offense only amounted to manslaughter, or that the accused was justified or excused in committing the homicide, yet you are told that it is a sufficient defense if the circumstances of mitigation or justification are such as would raise in your minds a reasonable doubt as to the defendant's guilt.''

The instructions when read together do not conflict and conform to the decisions of this court in *Johnson* v. *State,* 120 Ark. 193; *Brock* v. *State,* 101 Ark. 147; *Cogburn* v. *State,* 76 Ark. 110-112; *Tignor* v. *State,* 76 Ark. 489; *Petty* v. *State,* 76 Ark. 515.    The court did not err in giving the above instruction No. 5.

2.    The court did not err in refusing appellant's prayers for instructions Nos. 7 and 9.    These instruc-

tions, under the evidence, were abstract as appertaining to the home or property of appellant.    Although Williams was temporarily at the home of Warrent, there is nothing in the testimony that would warrant an inference that the appellant shot Beard because he was attempting to invade the home of Warrent, or that he shot him to protect his property.  The testimony on behalf of appellant tended to prove that he killed Beard because the latter had threatened and was at the time seeking to take the appellant's life.   There was therefore no testimony to warrant the court in submitting to the jury the issue as to whether or not the appellant killed Beard in the defense of his habitation or property.  The only defense that appellant was justified in making under the evidence was that the killing was done in defense of his person, and this theory of the defense was fully and correctly covered in instructions which the court gave.

We find no error in the court's rulings, and its judgment is therefore affirmed.