ELLIS *v.* STATE.

5035                                              356 S. W. 2d 426

Opinion delivered April 23, 1962.

[Rehearing denied May 21, 1962.]

*Kenneth Coffelt,* for appellant.

*Frank Holt,* Attorney General, by *Jack Holt, Jr.,* Asst. Attorney General, for appellee.

NEILL BOHLINGER, Associate Justice. A first degree murder information was filed against the appellant in the Saline Circuit Court on October 17, 1960. In that information appellant was charged with the murder of Pedro Rabb, alias Smiley Brown.

Upon a trial in the Saline Circuit Court, a jury found the appellant guilty of manslaughter and fixed his punishment by imprisonment in the State Penitentiary for seven years. To reverse this finding and judgment the appellant has appealed and for reversal relies upon the following points:

"1. The trial court erred in giving State's Instruction No. 9 over the general and specific objections of the appellant.

2. The trial court erred in giving State's Instruction No. 10 over the general and specific objections of the appellant.

3. The trial court erred in refusing to declare a mistrial at the request of the appellant because of the

misconduct of the Prosecuting Attorney in his examination of defense witness, Jessie Johnson.''

In addition to these points, the appellant has argued in his brief that he was convicted of manslaughter when there was no proof of manslaughter ever introduced by the State and that the jury should have either found him guilty of first or second degree murder or acquitted him. With this theory we do not agree. Manslaughter is one of the degrees of murder and the act of the appellant in pleading self-defense placed the issue of manslaughter before the court.

In *Bruder* v. *State*, 110 Ark. 402, 161 S. W. 1067, this court said:

''* * * This court has held that where a jury believes that the defendant shot under the belief that he was about to be assaulted but that he acted too hastily and without due care, and was therefore not justified in taking life under the circumstances, he is guilty of manslaughter. *Allison* v. *State*, 74 Ark. 444, [86 S. W. 409], *Brooks* v. *State*, 85 Ark. 376, [108 S. W. 205].''

In *Middleton* v. *State*, 158 Ark. 642, 240 S. W. 413, this court found there was evidence sufficient to make out a case of voluntary manslaughter notwithstanding the fact that the jury might, from the testimony, have convicted appellant of a higher degree of homicide. The appellant cannot complain if he is found guilty of a lesser offense than the evidence justifies because that finding inures to his benefit.

Among other matters, the appellant contends that the trial court erred in giving State's Instruction No. 9 which was as follows:

''You are instructed that manslaughter is the unlawful killing of a human being without malice, express or implied and without deliberation. Manslaughter must be voluntary upon sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible. That is voluntary manslaughter.''

Instruction No. 9 should be read in conjunction with State's Instruction No. 10 which was as follows:

"You are instructed in this connection that if you have a reasonable doubt as to the degree of the offense you must give the defendant benefit of the doubt and find him guilty only of the lower degree. In other words, if he is guilty and you have a reasonable doubt as to whether it is murder in the first or murder in the second degree, you must convict only of murder in the second degree. If you have a reasonable doubt as to whether it is murder in the second degree or manslaughter, you should convict him only of manslaughter.

As I have stated to you, the burden of proof is upon the State to prove all the allegations in the indictment and that beyond a reasonable doubt. The killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the defendant. Unless by proof on the part of the State, it is sufficiently manifest that the offense amount to only manslaughter, or that the accused was justified or excused in committing the homicide."

Instruction No. 10, above, is not the same instruction that was given by the trial court in *Mode v. State,* 231 Ark. 477, 330 S. W. 2d 88. The instruction in the *Mode case* was as follows:

"The defendant, * * *, interposes a plea of self defense, that the killing of * * * under the circumstances constituted justifiable homicide. The burden of proof is upon the defendant, * * *, to prove such defense by a preponderance of the evidence."

The error in the *Mode case, supra,* was the statement that the defendant in that case was required to prove such a defense by the preponderance of the evidence. We do not have that in the case before us. In this case the court instructed:

"The killing being proved, the burden of proving circumstances of mitigation that justify or excuse the

homicide shall devolve on the defendant. Unless by proof on the part of the State, it is sufficiently manifest that the offense amount to only manslaughter, or that the accused was justified or excused in committing the homicide.''

This instruction follows the statute and a similar instruction has been approved by this court in *Covey* v. *State,* 232 Ark. 79, 334 S. W. 2d 648; *Brown* v. *State,* 231 Ark. 363, 329 S. W. 2d 521; *Hogue* v. *State,* 194 Ark. 1089, 110 S. W. 2d 11, and *Tignor* v. *State,* 76 Ark. 489, 89 S. W. 96.

In the *Brown case, supra,* we said:

''* * * Appellant contends this instruction is misleading, in that the jury could feel that if there was a reasonable doubt of the guilt of Brown on the murder charge, they could still convict him of manslaughter. The instruction is copied from the statute (Ark. Stats. § 41-2246). In *Tignor* v. *State,* 76 Ark. 489, 89 S. W. 96, this court said: 'Again, the court gave section 1765 of Kirby's Digest [Ark. Stats. 41-2246], to the effect that, the killing being proved, the burden of proving circumstances that justify or excuse the homicide devolves upon the accused, etc. Now, this instruction is taken from the statute, and is the law, but it should have been accompanied with an instruction that on the whole case the guilt of the defendant must be proved beyond a reasonable doubt, so that the jury might understand that, though the burden of proving acts of mitigation may devolve on the accused, it is sufficient for him to show facts which raise in the minds of the jury a reasonable doubt as to his guilt. * * *'

In *Hogue* v. *State,* 194 Ark. 1089, 110 S. W. 2d 11, the identical instruction was given. In an opinion written by the late Justice Frank Smith, we said: 'It is argued that this instruction placed upon the defendant the burden of proving his innocence, inasmuch as he admitted the killing. Such, however, is not the effect of the instruction when read in connection with instruction No. 11, given by the court, reading as follows: ''Under

the law the defendant is presumed to be innocent. This presumption is evidence in his behalf and protects him from a conviction at your hands until his guilt is established to your satisfaction beyond a reasonable doubt.''

In the instant case, the jury was instructed that appellant started out in the trial with the presumption of innocence in his favor, and that such presumption 'follows him throughout the trial', and until they were convinced of his guilt beyond a reasonable doubt.''

The instructions before us meet the test laid out in the foregoing cases.

State's instructions four and five are as follows:

[No. 4] ''The defendant starts out in the beginning of the trial with the presumption of innocence in his favor. This is a presumption that begins with the trial of the case and continues throughout the trial, or until the evidence convinces you of his guilt beyond a reasonable doubt. You pass upon the guilt or innocence of the defendant, and in this case, you will decide according to the law and the evidence, if this defendant is guilty and what he is guilty of, and what his punishment should be, if guilty.''

[No. 5] ''You have been told that you should give the defendant the benefit of a reasonable doubt. Reasonable doubt is not any possible or imaginary doubt, because everything that depends upon human testimony is susceptible of some possible or imaginary doubt. To be convinced beyond a reasonable doubt is that state of the case which, after a careful consideration and comparison of all the testimony, leaves the minds of the jurors in that condition that they feel an abiding conviction to a moral certainty of the truth of the charge. A moral certainty of the truth of the charge is such a certainty as you would be willing to act upon in the important affairs of your own life.

If you find the defendant guilty, and you are satisfied of that beyond a reasonable doubt, then it is your duty to convict him and to punish him in such a manner

as commensurate with the crime that you find him guilty of. If you find that he is not guilty, or if you have reasonable doubt of his guilt, it is your duty to acquit him. This question you alone can decide. Exercise your reason, your judgment, your common sense and experience, as I have heretofore told you and give to the testimony of any and all witnesses such weight you think it is entitled to.''

There is thus correctly presented to the jury the law of presumption of innocence and reasonable doubt, and the matter of reasonable doubt is also included in Instruction No. 10.

The appellant contends that the court erred in refusing to declare a mistrial because of the examination by the prosecuting attorney of defense witness Jessie Johnson. The appellant objected to questions propounded by the prosecuting attorney to the witness, Johnson, as to whether or not the witness had been drinking that day. The witness testified that he had not had a drink in thirty years. The attorney for the appellant objected to the question and the court sustained the objection. The whole matter would have been closed then and there except that the attorney for the appellant, on redirect examination, asked his witness, Johnson, if he drank whiskey, how long it had been since he had had a drink, to which the witness replied that he did not drink and had not had a drink of whiskey since 1929. We do not know what prompted the question in the first place, but it is noted that the questioning by appellant's attorney on redirect was more searching than that of the prosecuting attorney on cross-examination. We fail to see anything in the questions or answers that tended to impeach the witness or to lessen the weight of his testimony and we find that no prejudicial error resulted in the matter.

Finding no error, the case is affirmed.

## In Re Rules Governing Admissions to the Bar.

*Per Curiam:*

Upon the recommendation of the State Board of Law Examiners the following orders are made with respect to that Board and its methods of procedure:

1. In the Rules Governing Admission to the Bar, subhead Requirements for Taking Examination, paragraph 2a is amended to read as follows:

a. Graduation from a law school approved by the American Bar Association or by the State Board of Law Examiners, but each applicant must have completed at least 1,250 class room hours of instruction prior to his graduation. This change is to be effective for bar examinations conducted after January 1, 1963.

2. The State Board of Law Examiners, in accordance with its existing practice, is expressly authorized to destroy all examination papers at the time of the next succeeding bar examination.

3. The per diem of the members of the State Board of Law Examiners is fixed at $25.00 per day.

4. The Board is authorized, effective July 1, 1963, to add Legal Ethics to the subjects included in the bar examinations and for that purpose to increase by thirty minutes the time allowed for the examination.