## BROOKS *v.* STATE.

### Opinion delivered February 17, 1908.

1. APPEAL—HARMLESS ERROR.—The exclusion of competent evidence is not prejudicial if the facts sought to be established by it are otherwise proved beyond reasonable dispute. (Page 379.)

2. HOMICIDE—WHEN PROOF OF THREATS ADMITTED.—It was not error, in a prosecution for murder, to instruct the jury that proof of threats made by deceased against defendant was admissible only to throw light on defendant's acts at the time he fired the shot if there was no doubt that deceased was the aggressor in the affair that led up to the killing. (Page 380.)

3. SAME—INSTRUCTION AS TO REPUTATION OF DECEASED.—It was not error to instruct the jury in a murder case that it makes no difference what the proof may show as to the reputation of deceased as being a dangerous and quarrelsome man, provided they believe from the evidence that deceased was not making an attack or demonstration on the defendant as if to shoot defendant or do him some great bodily harm, as viewed from defendant's standpoint, at the time the shot was fired. (Page 380.)

4. SAME—DEFENDANT'S BELIEF AS TO HIS DANGER—NEGLIGENCE.—Where the court in a murder case instructed the jury that they should acquit defendant if at the time he fired the fatal shots he honestly believed, without fault or carelessness on his part, that the danger

was so urgent and pressing that it was necessary to kill deceased in order to save his own life or prevent his receiving great bodily injury, it was not error to give a further instruction to the effect that if defendant was negligent in coming to such belief then he was guilty of manslaughter. (Page 380.)

Appeal from Hempstead Circuit Court; *J. M. Carter,* Judge; affirmed.

*W. S. Eakin,* for appellant.

1. In the light of the testimony showing that appellant was a quiet, peaceable, and law-abiding citizen; that the deceased was a quarrelsome, turbulent and dangerous man; that the latter had threatened appellant; and that at the time of the shooting the appellant was in every way seeking to avoid the difficulty and only shot the deceased when the latter laid hold on him with the evident purpose of killing him or doing him great bodily harm, the verdict is contrary to, and not sustained by, the evidence.

2. The 9th instruction is misleading, and withdraws from consideration by the jury all threats made by deceased against defendant. It was proper to consider the threats as throwing light on the conduct of the appellant. 76 Ark. 493, 496.

3. The 10th instruction is not applicable to the facts, is abstract and misleading, not properly worded nor sufficiently full and definite. The 18th instruction is clearly objectionable, both because it is not sufficiently definite, and because from the facts proved it is not applicable. The court should have explained to the jury the meaning of the term "negligent," as used in the instruction, or at least modified it, as in *Pratt* v. *State,* 76 Ark. 350.

4. Appellant was entitled to have the testimony of the witness Gordon, which had been taken at the examining trial, read to the jury, he being a non-resident and out of the jurisdiction of the court at the time of the trial in circuit court. 60 Ark. 406; 29 Ark. 22; 33 Ark. 539; 37 Ark. 324; 40 Ark. 461; 47 Ark. 180; 58 Ark. 239; 58 Ark. 353.

*Wm. F. Kirby,* Attorney General, and *Dan'l Taylor,* assistant, for appellee.

1. The evidence is ample to show that the killing was unnecessary, and done in a moment of passion or undue anxiety.

2. Not necessary to discuss instructions. They are not properly incorporated in the record. They are not made a part of the bill of exceptions, and no exceptions were saved. 73 Ark. 407.

3. No error in excluding the testimony of the absent witness. It was merely cumulative testimony.

McCULLOCH, J. Appellant was convicted of voluntary manslaughter, his sentence was fixed by the jury at two years in the penitentiary, and he appeals. The indictment under which he was tried charges him with murder in the first degree in killing one Charles Fillman on the 24th of December, 1904, by shooting him with a pistol. The killing is admitted, but appellant claims that Fillman was making a deadly assault on him at the time, or that he had reason to so believe, and that he shot Fillman in necessary self defense. The sufficiency of the evidence to support the verdict is challenged, and learned counsel argue with much zeal that the evidence is insufficient, or at least the verdict is so greatly against the weight of the evidence that this court should reverse the judgment on that account.

While we agree with the counsel that the offense was committed under mitigating circumstances, we cannot agree with him that the verdict is unsupported by the evidence, or even that it is against the great weight of the evidence. Certainly, we cannot say that the jury was unwarranted in finding appellant guilty of the crime of manslaughter. The circumstances in mitigation were doubtless considered, and the appellant received the benefit of them in the light sentence fixed by the jury.

The killing occurred in the town of Hope, in the night time, just outside of a saloon door, the difficulty between the men having begun inside of the saloon. Fillman had not lived in Hope a great while, and had passed himself off as being deaf and dumb. It appear that, during the afternon preceding the night of the killing, appellant had engaged in a difficulty with one Gamble, who was an associate of Fillman's; and appellant, it seems, had got the best of the encounter and knocked Gamble down. When Fillman learned of this, he took offense at it, and armed himself with pistol and knife, and threatened to kill

appellant, and these threats were communicated to him. In the early part of the night appellant and one Casey went into the saloon for a drink of beer, and Fillman came in. He forthwith taxed appellant with having hit or whipped Gamble, and when appellant attempted to explain that, though that was true, he had nothing against Fillman, the latter grew violent and jerked off his coat and prepared for a fight, one of the witnesses saying that he took out his pistol. There is evidence to the effect that Fillman attempted to assault both Casey and the appellant in the saloon, and went out the door in an encounter with the former. Appellant went to the outside of the saloon as Fillman returned, and the latter went back out the door, and the shooting then occurred. About the time of the shooting, according to the testimony of the State's witnesses, Casey threw a brick at Fillman and hit him on the forehead, and about the same time the appellant began shooting. Fillman was shot four times—thrice in the back, and once in the side. Appellant testified that just as he got on the outside of the saloon and turned down by the side of the wall Fillman came running out and hit him on the shoulder, and pushed or shoved him against the wall, and that he then commenced shooting. No other witness testified to that fact. Under this state of the proof, the jury were warranted in finding that the appellant did the shooting unnecessarily. According to the testimony of the State's witnesses, he shot deceased about the time that Casey struck him with a brick, and at a time when deceased was making no effort, or demonstration toward making an assault on him.

The principal assignment of error set forth in the motion for new trial is that the court refused to permit appellant to prove the testimony of an absent witness given at the examining trial. Testimony was introduced tending to show that the witness was out of the jurisdiction of the court, but the court refused to admit the testimony of the absent witness on the ground that sufficient showing had not been made. We are inclined to think that the showing was sufficient, and that the circuit judge erred in his conclusion in that respect. But the testimony, as set forth by appellant, is only cumulative, and we do not think that any prejudice resulted from withholding it from the jury. The absent witness testified in the examining trial that he heard

Fillman make threats against appellant, and that he communicated these threats to appellant before the killing. The same evidence in substance, was given by other witnesses, and it was an undisputed fact that deceased had made violent threats against appellant, had prepared himself for a difficulty, armed himself with a knife and pistol, and that appellant was forewarned of the unlawful intention to do him harm. It was also undisputed that deceased was the aggressor in the difficulty when it was first brought on in the saloon, and that his own violent conduct caused it. Under these circumstances, we cannot see how appellant was prejudiced by the refusal of the court to allow him to prove by the testimony of the absent witness these threats and the communication thereof, both of which facts were wholly undisputed. The exclusion of competent evidence is not prejudicial if the same facts are otherwise proved beyond reasonable dispute. *Maxey* v. *State,* 66 Ark. 523; *Ryburn* v. *Pryor,* 14 Ark. 505.

Error is assigned in the giving of two instructions, which are as follows:

"9. You are instructed that the only purpose for which proof of threats is permitted is to throw light on defendant's acts at the time he fired the shot; and if you believe from the evidence, as explained in these instructions, that deceased was not making an attempt to shoot defendant, or to do him great bodily harm, as viewed from his (defendant's) standpoint, then, and in that event, you will not consider threats, if proved, for any purpose; and in this connection the court instructs you that no threats, however violent, however great, are any provocation whatever.

"10. You are instructed that it makes no difference what the proof may show as to the reputation of deceased as being a dangerous and quarrelsome man, provided you believe from the evidence, as explained in these instructions, that deceased was not making an attack or demonstration on the defendant, as if to shoot defendant or do him some great bodily harm, as viewed from defendant's standpoint at the time the shot was fired, as explained in these instructions."

There is no error found in these instructions, when read in the light of others which the court gave. Ordinarily, the

purpose for which proof of threats is allowed is twofold—one to show who is the aggressor when that is in doubt, and the other to shed light upon the conduct of the accused in determining whether or not he was justified. *Black* v. *State,* 84 Ark. 121; *Bell* v. *State,* 69 Ark. 148; *Palmore* v. *State,* 29 Ark. 248. In this case, however, it was undisputed that Fillman was the aggressor in the difficulty, and the only question for which this evidence should have been considered was that of shedding light upon the conduct of deceased in determining whether or not he had sufficient cause for shooting when he did.

The following instruction was also given over appellant's objections, and that is assigned as error:

"18. You are instructed that, although you may believe that the defendant, at the time he shot deceased, believed he was in danger of losing his life or receiving great bodily injury at the hands of the deceased, still, if you should believe, beyond a reasonable doubt, that the defendant was negligent, as explained in these instructions, in coming to such belief, then it would be your duty to find him guilty of manslaughter."

The bill of exceptions does not contain all of the instructions given by the court, and we are therefore unable to determine what instructions the court had reference to in the language, "as explained in these instructions." The court, however, gave the following instruction, and several others of like import, at the instance of appellant:

"1. If the jury believe from the evidence that at the time the fatal shots were fired defendant, acting upon the facts as they appeared to him, honestly believed, without fault or carelessness on his part, that the danger was so urgent and pressing that it was necessary to shoot Charles Fillman in order to save his own life, or prevent him receiving great bodily injury, they will acquit."

It is manifest, therefore, that when the court, in the 18th instruction complained of, told the jury that if it believed beyond a reasonable doubt that the defendant was negligent in coming to such belief, then he would be guilty of manslaughter, reference was had to the instruction just copied and others wherein the jury were told that if the appellant acting upon

the facts as they appeared to him, without fault or carelessness on his part, honestly believed that the danger was so urgent that it was necessary to shoot deceased, he would be justified. Taking these instructions together, and coupled together as they are, the jury could not have understood the court to mean that the defendant was guilty of voluntary manslaughter by a mere act of negligence. We therefore see no error in the instructions complained of as they appear to us in the record.

Appellant also complains of the giving of another instruction; but we find that that instruction is not in the bill of exceptions, and was not objected to either when given or in the motion for new trial.

Upon the whole record, the case seems to have been tried free from prejudicial error, and the judgment must be affirmed.

It is so ordered.