GENEVA PETERS v. THE STATE OF ARKANSAS

5352                                    430 S.W. 2d 856

Opinion delivered August 26, 1968

[Rehearing denied September 23, 1968.]

*Howell, Price* and *Worsham,* for appellant.

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant Geneva Peters was charged with second degree murder for the fatal shooting of her husband. She was convicted of manslaughter. Mrs. Peters here contends that the evidence and the applicable law establish excusable homicide.

Mrs. Peters was required to use all reasonable means within her power and consistant with her safety to avoid killing her husband. *McDonald* v. *State* 104 Ark. 317, 149 S.W. 95 (1912). If in that respect she acted too hastily and without due care, the killing amounted to manslaughter. *Ellis* v. *State,* 234 Ark. 1072, 356 S.W. 2d 426 (1962). The trial court, sitting as a jury, concluded that Mrs. Peters' actions did not comport with the recited rule. We therefore examine the brief evidence in light of that rule.

Geneva and Douglas Peters had been married some eight years and had two children. On the day preceding the fatal shooting that night, Geneva and Douglas had a quarrel, so she testified. Geneva recounted that she went to her mother's home nearby. The couple had a mutual friend and neighbor, Wardell Davis. When the latter learned Geneva was at her mother's house he called Geneva, presumably and according to Geneva, to reconcile Geneva's and Douglas' differences. The "peacemaker" drove to the mother's home and picked up Geneva about 8:00 p.m. They remained together for some two hours. According to Geneva, they drove around, talked, and had a drink of whiskey. About 10:00 p.m. Wardell Davis suggested that he take Geneva back to her mother's because Davis was due to pick up his wife, who would get off work at eleven o'clock. They returned to the mother's home and parked, and it was

at that point that Douglas Peters came to the Wardell Davis car.

Appellant and Wardell Davis supplied the testimony as to the shooting. The husband approached the car from the passenger side. If he had a weapon it was not visible. He could not open the door because Geneva had it locked. Since the car had only two doors, the husband went around the car to the driver's side, opened that door, and reached for Geneva. In the meantime she had removed a pistol from her purse. She fired three times, all the bullets striking her husband. He died in a matter of minutes.

Appellant testified that she feared for her life because, some three months prior, Douglas had beat her. Even if she honestly possessed that fear she would not be relieved of the duty to act with due care and avoid the killing if it could be averted without serious danger to Mrs. Peters. She made no effort to retreat via the right door; she did not call for help; the unarmed husband would have to literally climb over the driver to get his hands on Geneva; and she gave no warning to her husband that she had a gun and would shoot if he approached further. The trier of facts concluded that appellant did not use all reasonable means consistent with her safety to avoid the killing.

From the testimony recited, together with the fact that the trial court could well have thought (as we think he did) that appellant's story was woven out of whole cloth, we cannot say the court's findings are not supported by substantial evidence.

Affirmed.