Dana El Greco FRAZIER *v.* STATE of Arkansas

CR 92-5                                    828 S.W.2d 838

Supreme Court of Arkansas
Opinion delivered May 4, 1992

*William R. Simpson, Jr.*, Public Defender, by: *Don Thompson*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant Dana Frazier was convicted of first degree murder. He assigns as error the trial court's refusal to charge the jury on the lesser included offense of manslaughter. The trial court's refusal to give the instruction was a correct ruling, and we affirm the judgment of conviction.

The proof showed that both appellant and the victim grew up at about the same time in Marvell and, after graduation from high school, both moved to Little Rock where appellant sought a job and the victim attended college. The two were the type of friends who teased one another frequently. On the day of the murder, appellant and a friend went to the victim's residence. Eyewitnesses stated that appellant appeared to be intoxicated and his pants were wet. The victim looked at appellant and said, "Ooh, Dana peed on hisself." The statement obviously irritated appellant because he said he was tired of the victim "messing" with him and he was "fixing to kill him." The victim retreated into his residence, and when he later came out, appellant shot him. Appellant continued firing at the victim as he ran away. The victim died shortly thereafter. Appellant gave a statement to the police in which he admitted killing the victim, but said he had to do so to keep the victim from "nagging" and teasing him.

At trial appellant asserted the defense of justification, or self-defense, and requested an instruction on that defense. That

charge was given. He also requested an instruction on man-slaughter, but the trial court refused to give such a charge because there was no rational basis for it. Ark. Code Ann. § 5-10-104(a) (1987) provides:

> A person commits manslaughter if: (1) He causes the death of another person under circumstances that would be murder, except that he causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. The reasonableness of the excuse shall be determined from the viewpoint of a person in the defendant's situation under the circumstances as he believes them to be[.]

Here there was no testimony to indicate that appellant was acting under the influence of an extreme emotional disturbance. The testimony that appellant became irritated or annoyed because the victim teased him does not constitute evidence of an extreme emotional disturbance. But, even if appellant's irritation from being teased could somehow constitute extreme emotional disturbance, there was no proof that it was reasonable. The fact that one friend teases another is not a reasonable excuse for a state of emotional disturbance so great as to excuse killing. Thus, there was no rational basis for giving the instruction on manslaughter and, as we have often pointed out, Ark. Code Ann. § 5-1-110(c) (1987) provides: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

Affirmed.