Makybe Shinda HARSHAW *v.* STATE of Arkansas

CR 00-1130 39 S.W.3d 753

Supreme Court of Arkansas
Opinion delivered March 8, 2001

*William R. Simpson, Jr.*, Public Defender, *Brett Qualls* and *Courtney M. Cheney*, Deputy Public Defenders at Trial, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant. .

*Mark Pryor*, Att'y Gen., by: *Leslie Fisken*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant, Makybe Shinda Harshaw, was charged and convicted of second-degree murder in connection with the shooting death of Casey Cunningham. He was sentenced to twenty years imprisonment. On appeal to the Arkansas Court of Appeals, Mr. Harshaw argued that the trial court erred in failing to instruct the jury, pursuant to his proffer, on the lesser-included offense of manslaughter. The court of appeals agreed with Mr. Harshaw and reversed and remanded for a new trial. *Harshaw v. State*, 71 Ark. App. 42, 25 S.W.3d 440 (2000). We granted the State's petition to review the decision of the court of appeals. When we grant a petition for review pursuant to Ark. Sup. Ct. R. 2-4, we treat the appeal as if it were filed in this court originally. *Tucker v. Roberts-McNutt, Inc.*, 342 Ark. 511, 29 S.W.3d 706 (2000); *Fowler v. State*, 339 Ark. 207, 5 S.W.3d 10 (1999); *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998). We hold that there was a rational basis for the manslaughter instruction and reverse and remand.

The evidence presented in this case revealed that on or about July 8, 1998, Mr. Harshaw was playing cards and drinking beer with friends at a house in southwest Little Rock. At some point during

the night, Mr. Harshaw left the residence to drive a friend home. Upon returning to the house, he found that Mr. Cunningham had arrived at the residence and was standing in the driveway arguing with a woman identified as "Chan." She was the mother of Mr. Cunningham's child. Mr. Harshaw took it upon himself to intervene in the argument between Mr. Cunningham and Chan. Mr. Cunningham apparently took offense and told Mr. Harshaw that the matter was none of his business. According to Mr. Harshaw's testimony and that of other eyewitnesses, Mr. Cunningham then made several statements insinuating that if there was a problem, he would settle it with a gun:

- "Oh, that's all right. I'll just go get my gun and shoot it up."
- "It'll be some pistol play out here."
- "I'll get my nine and shoot this MF up."
- "If there was a problem, I'd have a gun."
- "Well, you know, if it was a problem, I'd have my gun and I'd shoot — be shooting it up out here, you know."
- "K-3 [Casey Cunningham] ain't no punk. If I got a problem, I just boom boom boom like that. "

Thereafter, Mr. Harshaw testified that he and Mr. Cunningham both turned and went to their respective cars. Several eyewitnesses stated that Mr. Cunningham reached into his car through the window on the driver's side of the car. At the same time, Mr. Harshaw went to the trunk of his car, opened it, and retrieved a shotgun. As Mr. Cunningham came back up from reaching into the car, Mr. Harshaw shot him in the chest. Mr. Harshaw testified that he was afraid Mr. Cunningham was about to pull a pistol from his car and shoot him. As it turned out, Mr. Cunningham did not have a gun.

After the presentation of the evidence in this case, the trial court instructed the jury on second-degree murder and justification. Second-degree murder in this context required proof that the accused knowingly caused the death of a person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1) (Repl. 1997). Mr. Harshaw proffered jury instructions that would have permitted the jury to find him guilty of the lesser-included offense of manslaughter, including the following AMCI 2d 1004 instruction, which is based upon Ark. Code Ann. §§ 5-2-202(3) and 5-10-104(a)(3) (Repl. 1997):

To sustain this charge, the State must prove beyond a reasonable doubt that:

Makybe Harshaw recklessly caused the death of another person, to wit: Casey Cunningham.

### DEFINITIONS

"Recklessly." — A person acts recklessly with respect to the results of his conduct when he consciously disregards a substantial and unjustifiable risk that the results will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the same situation.

Mr. Harshaw's attorney argued to the trial court that, although Mr. Harshaw believed he was justified in the use of deadly force, there nevertheless was evidence from which the jury might determine that he formed this belief recklessly; that is, that he may have acted too quickly in deciding to shoot Mr. Cunningham. The trial court concluded that Mr. Harshaw's claim of self-defense in shooting the victim included an admission of knowing intent, and was therefore inconsistent with reckless intent. Accordingly, the trial court refused to instruct the jury on the lesser-included offense of manslaughter. From that ruling comes this appeal.

It is reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by even the slightest evidence. *Spann v. State*, 328 Ark. 509, 944 S.W.2d 537 (1997); *Brown v. State*, 325 Ark. 504, 929 S.W.2d 146 (1996); *Rainey v. State*, 310 Ark. 419, 837 S.W.2d 453 (1992). This court will affirm a trial court's decision to exclude an instruction on a lesser-included offense only if there is no rational basis for giving the instruction. *Spann v. State, supra*; *Sanders v. State*, 308 Ark. 112, 805 S.W.2d 953 (1991).

In this case, the jury was presented with evidence that Mr. Harshaw believed he was being threatened with violence when Mr. Cunningham made comments about using a gun if there was a problem. There was testimony that, although Mr. Harshaw thought Mr. Cunningham was going after a weapon when he went to his car and reached inside the driver's window, Mr. Cunningham was in fact unarmed at the time Mr. Harshaw shot him. There was thus some evidence which could support a finding that Mr. Harshaw

acted on the basis of an unreasonable or recklessly formed belief that he needed to use deadly force to protect himself. In addition to precluding acquittal on the basis of self-defense or justification pursuant to Ark. Code Ann. § 5-2-607 (Repl. 1997), recklessness in forming such a belief has the further effect of putting the offense of manslaughter squarely at issue. A long line of Arkansas cases so state:

> The plea of self-defense raised the issue of manslaughter because if one acts *too hastily and without due care* in assaulting another, even though he believes he is about to be assaulted by the other, he is not justified in taking human life and is guilty of manslaughter.

*McCarley v. State*, 257 Ark. 119, 124, 514 S.W.2d 391, 394 (1974) (emphasis added). See *e.g. Hathcock v. State*, 256 Ark. 707, 510 S.W.2d 276 (1974 ); *Burton v. State*, 254 Ark. 673, 495 S.W.2d 841 (1973); *Peters v. State*, 245 Ark. 9, 430 S.W.2d 856(1968); *Ellis v. State*, 234 Ark. 1072, 356 S.W.2d 426 (1962); *Halton v. State*, 224 Ark. 28, 271 S.W.2d 616 (1954); *McGarrah v. State*, 217 Ark. 186, 229 S.W.2d 665 (1950); *Deatherage v. State*, 194 Ark. 513, 108 S.W.2d 904 (1937); *Vaden v. State*, 174 Ark. 950, 298 Ark 323 (1927); *Carter v. State*, 108 Ark. 124, 156 S.W. 443 (1913); *Bruder v. State*, 110 Ark. 402, 161 S.W. 1067 (1913); *Brooks v. State*, 85 Ark. 376, 108 S.W. 205 (1908); *Allison v. State*, 74 Ark. 444, 86 S.W. 409 (1905).

■ The State contends that these cases are inapposite because they were decided under a prior version of this state's manslaughter law. By Act 280 of 1975, the General Assembly adopted the current version of our manslaughter law, which states in pertinent part that "[a] person commits manslaughter if ... [h]e recklessly causes the death of another person[.]" Ark. Code Ann. 5-10-104(a)(3) (Repl. 1997). This is the same definition of manslaughter that is set forth in the jury instructions proffered by Mr. Harshaw. Prior to 1975, however, manslaughter was defined in three separate statutes. Ark. Stat. Ann. §§ 41-2207, 41-2208, 41-2209 (1947 and Repl. 1964). Section 41-2207 defined manslaughter generally; whereas, section 41-2208 defined "voluntary manslaughter" and section 41-2209 defined "involuntary manslaughter." None of those statutes included "reckless manslaughter." Nevertheless, the rule established by those cases is still good law as evidenced by Ark. Code Ann. § 5-2-614(a) (Repl. 1997), which states:

> (a) When a person believes that the use of force is necessary for any of the purposes justifying that use of force under this subchapter

but the person is reckless or negligent either in forming that belief or in employing an excessive degree of physical force, the justification afforded by this subchapter is unavailable in a prosecution for an offense for which recklessness or negligence suffices to establish culpability.

In other words, if a person is reckless in forming the belief that the use of force is necessary, he may still be subject to prosecution for an offense that requires a *mens rea* of recklessness.[1] Reckless manslaughter, pursuant to Ark. Code Ann. § 5-10-104(a)(3), is such an offense.

 According to Arkansas Code Annotated § 5-2-202(3) (Repl. 1997), and as stated in the proffered jury instruction, a person acts recklessly:

---

[1] The Arkansas Criminal Code is one of only a few modern codes that follow section 3.09(2) of the Model Penal Code in this respect and treat homicide in imperfect self-defense as a problem of "reckless manslaughter, or of negligent homicide, depending upon whether the defendant's *belief* as to the necessity of the homicide was reckless or negligent." Wayne R. Lafave et al., *Substantive Criminal Law* § 7.11, at 272 n.6 (1986) (emphasis added). *See also* the Original Commentary to Ark. Code Ann. § 5-2-614, formerly Ark. Stat. Ann. § 41-514 (Repl. 1977), which states:

> Section 41-514 applies to situations in which force is recklessly or negligently employed. Under such circumstances the defense of justification cannot be successfully interposed in a prosecution for an offense established by proof of reckless or negligent conduct.
>
> In so providing the Code is aligned with the stance of the Model Penal Code Reporter" "[W]e do not believe a person ought to be convicted for a crime of intention where he has labored under a mistake such that, had the facts been as he supposed, he would have been free from guilt. The unreasonableness of an alleged belief may be evidenced [sic] that it was not in fact held, but if the tribunal was satisfied that the belief was held, the defendant in a prosecution for a crime founded on wrongful purpose should be entitled to be judged on the assumption that his belief was true. To convict for a belief arrived at on unreasonable grounds is, as we have urged, to convict for negligence. Where the crime otherwise requires greater culpability for a conviction, it is neither fair nor logical to convict when there is only negligence as to the circumstances that would establish a justification." *M.P.C. § 3.09, Comment at 78 (Tent. Draft No. 8, 1958).*
>
> For example, assume a conductor recklessly misconstrues conduct by a passenger on a carrier as a breach of the peace, applies physical force, and injures the passenger. Section 41-514(1) would protect the conductor by permitting him to interpose a defense based on § 41-505(3) to a prosecution for purposeful conduct under § 41-1602 (Battery in the second degree). However, because the conductor acted recklessly in assessing the need to use force, § 41-514(1) withdraws justification as a defense to a prosecution under § 41-1603(b) (Battery in the third degree), since proof of recklessness suffices for conviction of the latter offense.

with respect to ... a result of his conduct when he consciously disregards a substantial and unjustifiable risk that ... the result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation[.]

Here, there was at least some evidence which would support a finding that Mr. Harshaw formed his belief in the need for use of deadly force "too hastily and without due care," or "recklessly," as that culpable mental state is defined in section 5-2-202(3). Accordingly, a manslaughter instruction was warranted, and the trial court committed reversible error by failing to give the proffered manslaughter instruction.

■ The State directs us to our prior holding in *Cobb v. State*, 340 Ark. 240, 12 S.W.3d 195 (2000), in support of its proposition that a manslaughter instruction is *never* warranted where a justification defense has been asserted because, as part of that defense, the defendant admits to at least knowingly shooting the victim. The State reads our decision too broadly. Our holding in *Cobb v. State* turned upon the specific facts of that case, which are distinguishable from the facts presently before us:

> In this case, where appellant admitted to shooting the unarmed victim once in the back causing paralysis and shooting the victim a second time while he was incapable of moving or causing harm to appellant, it is clear that a justification defense is inconsistent with the "recklessly causing" element found in the offense of manslaughter. Thus, there was no rational basis for giving the manslaughter instruction and the trial court did not err.

*Cobb v. State*, 340 Ark. at 246, 12 S.W.3d at 198. In *Cobb*, there was no evidence that the victim posed either a real or imagined threat. Thus, there was no reasonable basis in the evidence for a jury to conclude that the defendant in *Cobb* could have formed a belief, recklessly or otherwise, that his life was in danger. In contrast, there was some evidence in this case suggesting that the victim posed a real or deadly threat to Mr. Harshaw. Witnesses testified Mr. Cunningham made threatening remarks and reached for something in this car immediately prior to the homicide. Under these circumstances, the jury could have believed that Mr. Harshaw acted recklessly — too hastily and without due care — in concluding that deadly force was necessary to protect himself, and thus it could have found Mr. Harshaw guilty of manslaughter rather than murder in the second degree.

Reversed and remanded.