Orlando Ray ELLIS *v.* STATE of Arkansas

CR 01-1068 47 S.W.3d 259

Supreme Court of Arkansas
Opinion delivered June 28, 2001

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Orlando Ray Ellis, Appellant, was convicted of first-degree murder in the shooting death of Quincent James. A jury sentenced Mr. Ellis to life imprisonment without parole in the Arkansas Department of Correction. On appeal, Mr. Ellis argues that the trial court's failure to instruct the jury on reckless manslaughter was reversible error. We disagree and affirm.

The facts are undisputed. August 27, 1999, was Mr. James's thirtieth birthday. On that day, he went over to his sister's house in Southwest Little Rock to visit with her children. At some point during that visit, Mr. James noticed Mr. Ellis wrestling with ten-year-old Patrick Patton, Mr. James's nephew. He asked Mr. Ellis to let go of the boy. When Mr. Ellis refused, Mr. James began staring at him. Both men exchanged words, with Mr. Ellis repeatedly demanding that Mr. James stop "mugging" him. Mr. James, however, continued to stare at him. Eventually, Mr. Ellis pulled a gun and shot Mr. James in the abdomen from a distance of three to five feet. After the shooting, Mr. Ellis waived his gun around and told everyone present not to call 911. Ultimately, Mr. James's sister was able to call for help, and Mr. James was taken to a hospital where he died eight hours later.

At the end of the guilt phase of the trial, Mr. Ellis proffered a jury instruction on reckless manslaughter as a lesser-included offense of first and second-degree murder. The trial court instructed the jury on purposeful first-degree murder and knowing second-degree murder but denied Mr. Ellis's proffered instruction on reckless manslaughter. The jury found Mr. Ellis guilty of first-degree murder. From the trial court's denial of his proffered reckless manslaughter instruction, Mr. Ellis now appeals.

We have often stated that refusal to give an instruction on a lesser-included offense is reversible error if the instruction is supported by even the slightest evidence. *Harshaw v. State*, 344 Ark. 129, 132, 39 S.W.3d 753, 755 (2001). However, we will affirm a trial court's decision to exclude an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *Id. See also* Ark. Code Ann. § 5-10-110(c) (Supl. 1999).

 Manslaughter is committed by one who recklessly causes the death of another person. Ark. Code Ann. § 5-10-104(a)(3) (Repl. 1997). "Recklessly" is defined as follows:

> "Recklessly." A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation[.]

Ark. Code Ann. § 5-2-202(3) (1997).

 In urging this court to find a rational basis in the evidence for a reckless manslaughter instruction, Mr. Ellis first points to the circumstances surrounding his argument with the victim. Specifically, he emphasizes the fact that the victim refused to stop staring at him, whereupon Mr. Ellis pulled a gun and fired a shot. The record does not reflect that Mr. Ellis requested a manslaughter instruction based upon extreme emotional disturbance. Even if he had made such a request, merely being stared at cannot be distinguished from being teased, which we have held "is not a reasonable excuse for a state of emotional disturbance so great as to excuse killing." *Frazier v. State*, 309 Ark. 228, 230, 828 S.W.2d 838, 839 (1992). Mr. Ellis also did not assert the defense of justification, or self defense; thus, this court's decision in *Harshaw v. State*, 344 Ark. 129, 39 S.W.3d 753 (2001), which involved an imperfect justification-type reckless manslaughter, is inapposite.

 For his next argument, Mr. Ellis claims that pulling a gun and shooting the victim once in the stomach from a range of three to five feet could be construed as reckless conduct. Furthermore, he suggests that his failure to shoot the victim a second time is evidence of reckless conduct and not purposeful conduct. These arguments are wholly without merit. To find a rational basis for a reckless manslaughter instruction on this record would run contrary

to our prior case law. *See, e.g., Kail v. State*, 341 Ark. 89, 14 S.W.3d 878 (2000) (shooting blindly into a house and killing ex-father-in-law did not form a rational basis for a manslaughter instruction); *Allen v. State*, 310 Ark. 384, 838 S.W.2d 346 (1992) (shooting into a vehicle intending to scare, but killing, the driver did not constitute a rational basis for a manslaughter instruction): and *Cobb v. State*, 340 Ark. 240, 12 S.W.3d 195 (2000) (no rational basis for manslaughter instruction where the defendant shot his victim twice, even though the victim was unarmed and posed no threat).

Finally, Mr. Ellis's reliance on *Worring v. State*, 6 Ark. App. 64, 638 S.W.2d 678 (1982), and *Williams v. State*, 17 Ark. App. 53, 702 S.W.2d 825 (1986), is misplaced. In *Worring*, a woman shot her husband after finding him in an automobile with another woman. *Id.*, 6 Ark. App. at 72, 638 S.W.2d at 682. In holding that there was ample evidence from which the jury could find the defendant either recklessly caused her husband's death, or that she caused his death under extreme emotional disturbance, the Arkansas Court of Appeals noted that the medical examiner's testimony "might have supported a finding by the jury that the gun discharged because the deceased grabbed it." *Id.* In contrast, there is no testimony in this case that the deceased did anything other than stare at Mr. Ellis.

As for *Williams*, the evidence there supported a reckless-manslaughter instruction because the defendant claimed that the victim struck him first with a chair in a fight over a card game before the defendant used a knife to defend himself. *Id.*, 17 Ark. App. at 54-55, 702 S.W.2d at 826. Here, there was no physical altercation, and Mr. Ellis does not claim that his victim was armed or posed any threat. As previously noted, he made no claim of self-defense.

The evidence adduced at trial is clear. Mr. James stared at Mr. Ellis during the confrontation, and Mr. Ellis then drew a gun and shot Mr. James at close range. After the shooting, Mr. Ellis told the witnesses not to call for help. No claims of extreme emotional disturbance or self-defense were asserted by Mr. Ellis. We cannot say that the trial court erred in finding no rational basis for giving the instruction on reckless manslaughter.

The transcript of the record in this case has been reviewed in accordance with Ark. Sup. Ct. R. 4-3(h) which requires, in cases in which there is a sentence to life imprisonment or death, that we review all prejudicial errors in accordance with Ark. Code Ann. § 16-91-113(a). None has been found.

Affirmed.