Makybe Shinda HARSHAW *v.* STATE of Arkansas

CR 01-847                                      71 S.W.3d 548

Supreme Court of Arkansas
Opinion delivered April 4, 2002

*William R. Simpson, Jr.*, Public Defender, and *Brent Qualls*, Deputy Public Defender; by: *Clint Miller*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

W H. "DUB" ARNOLD, Chief Justice. Appellant Makybe Shinda Harshaw was previously before us in *Harshaw v. State*, 344 Ark. 129, 39 S.W.3d 753 (2001), wherein Harshaw appealed the trial court's refusal to instruct the jury on the lesser-included offense of manslaughter on a second-degree murder charge. On appeal, we held there was sufficient evidence presented which would support a finding that Harshaw formed his belief in the need for the use of deadly force too hastily and without due care, or recklessly. Accordingly, a manslaughter instruction was warranted, and the trial court committed reversible error by failing to allow the proffered manslaughter instruction. On remand and retrial for the second-degree murder charge, Harshaw was again found guilty of second-degree murder. Harshaw, now, brings this appeal, raising the point of whether the trial court erred in denying his motion for directed verdict. We hold that the trial court's ruling was correct, and, therefore, affirm.

*Background*

On remand, Harshaw's trial began on March 29, 2001, in Pulaski County Circuit Court and a jury sat as the trier of fact. The evidence presented revealed that on or about July 8, 1998,

Harshaw was playing cards and drinking beer with friends at a house in southwest Little Rock. At some point during the night, Harshaw left the residence to drive a friend home. Upon returning to the house, he found that Cunningham had arrived at the residence and was standing in the driveway arguing with·a woman identified as "Chan." She was the mother of Cunningham's child. Harshaw took it upon himself to intervene in the argument between Cunningham and Chan. Cunningham apparently took offense and told Harshaw that the matter was none of his business. According to Harshaw's testimony and that of other eyewitnesses, Cunningham then made several statements insinuating that if there was a problem, he would settle it with a gun.

Thereafter, Harshaw testified that he and Cunningham both turned and went to their respective cars. Several eyewitnesses stated that Cunningham reached into his car through the window on the driver's side of the car. At the same time, Harshaw went to the trunk of his car, opened it, and retrieved a shotgun. As Cunningham came back up from reaching into the car, Harshaw shot him in the chest. Harshaw testified that he was afraid Cunningham was about to pull a pistol from his car and shoot him. As it turned out, Cunningham did not have a gun. Actually, there was testimony from an eyewitness that Cunningham had his empty hands raised in the air when Harhsaw fired his weapon.

At the conclusion of the State's presentation of its case–in–chief, Harhsaw moved for a directed verdict on the second–degree murder charge on the basis that the State failed to prove Harshaw knowingly caused the victim's death under circumstances manifesting extreme indifference to the value of human life. The trial court denied Harshaw's motion for a directed verdict. Harshaw rested without presenting a case–in–chief. Thereafter, defense counsel renewed the directed–verdict motion, which the trial court did not rule on.

The jury was instructed on the "knowingly/extreme indifference to the value of human life" definition of second–degree murder and was instructed on the "recklessly" definition of manslaughter, which was consistent with this court's previous findings. Harshaw was found guilty of second–degree murder, and after a

brief sentencing hearing the jury imposed on Harshaw a sentence of nineteen years' imprisonment. The trial court sentenced Harshaw accordingly. It is from this conviction and sentence this appeal arises.

*Motion for Directed Verdict*

Harshaw's sole point on appeal is whether the trial court erred in denying Harshaw's motion for directed verdict because the circumstantial proof of Harshaw's culpable mental state was such that the jury was left to speculate whether Harshaw caused the victim's death knowingly or recklessly.

The culpable mental state for second-degree murder is that the defendant knowingly caused the victim's death under circumstances manifesting extreme indifference to the value of human life. Harshaw argues this court should reverse the conviction based upon circumstantial evidence that leaves the fact-finder only to speculation in choosing between two equally reasonable conclusions.

The standard of review we apply when reviewing a defendant's contention that the State failed, at trial, to prove his or her guilt is well established. In a jury trial, a defendant challenges the sufficiency of the State's proof of his guilt by moving for a directed verdict at the close of the State's presentation of its case-in-chief and again at the close of the presentation of all the evidence. Ark. R. Crim. P. 33.1(a). A motion for directed verdict is a challenge to the sufficiency of the evidence. *Britt v. State*, 344 Ark. 13, 38 S.W.3d 363 (2001). A directed-verdict motion should be granted when there is no evidence from which the finder of fact could have found, without resorting to surmise and conjecture, the guilt of the defendant. *Nichols v. State*, 280 Ark. 173, 655 S.W.2d 450 (1983). When a defendant challenged the sufficiency of the evidence, this court considers only the evidence that supports the guilty verdict. *Britt v. State, supra.* The court also views the evidence in light most favorable to the State. *Britt, supra.*

Circumstantial evidence provides the basis to support a conviction if it is consistent with the defendant's guilt and

inconsistent with any other reasonable conclusion. *Sublett v. State,* 337 Ark. 374, 989 S.W.2d 910 (1999). Such a determination is a question of fact for the fact-finder to determine. *Sheridan v. State,* 313 Ark. 23, 852 S.W.2d 772 (1993). The credibility of witnesses is an issue for the jury and not the court. *Phillips v. State,* 344 Ark. 453, 40 S.W.3d 778 (2001). The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Phillips, supra.* We will disturb the jury's determination only if the evidence did not meet the required standards, thereby leaving the jury to speculation and conjecture in reaching its verdict. *Philips, supra.* When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it. *Phillips, supra.* Additionally, the longstanding rule in the use of circumstantial evidence is that the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused to be substantial, and whether it does is a question for the jury. *Gregory v. State,* 341 Ark. 243, 15 S.W.3d 690 (2000).

During retrial, Harshaw moved for a directed verdict at the closing of the State's case and the motion was then renewed after the defense rested without presenting a case-in-chief. The trial court denied the motions. Harshaw argues to this court that the State did not present circumstantial evidence that, when he shot the victim at point-blank range with a shotgun, he "knowingly" caused death "under circumstances manifesting extreme indifference to the value of human life." Ark. Code Ann. § 5-10-103(a)(1) (Repl. 1997). The trial court instructed the jury with the "recklessly" definition of manslaughter as a lesser-included offense of second-degree murder. This definition of manslaughter, a Class C felony, states that "a person commits manslaughter if: he recklessly causes the death of another person." Ark. Code Ann. § 5-10-104(a)(4) (Repl. 1997).

Harshaw further argues to this court that when the trial court instructed the jury on the definitions of the culpable mental states of both knowingly and recklessly, it left the jury to speculate whether Harshaw caused the victim's death knowingly or recklessly. Harshaw contends this is so because the jury could reasonably conclude that Harshaw caused the victim's death either

knowingly under circumstances manifesting extreme indifference to the value of human life or recklessly in that Harhsaw consciously disregarded a substantial and unjustified risk that the victim's death would result from Harshaw's conduct.

However, a person's intent or state of mind at the time of the offense is seldom apparent. *Tarentino v. State*, 302 Ark. 55, 786 S.W.2d 584 (1990). But, the intent can be inferred from the type of weapon used, the manner of use, and the nature, extent, and location of the trauma suffered by the victim. *Stanford v. State*, 331 Ark. 334, 962 S.W.2d 335 (1998).

In this case, Harshaw used a shotgun to murder an unarmed man at point-blank range despite the victim's obvious signal that he posed no threat. The trial court followed this court's findings in *Harshaw v. State*, 344 Ark. 129, and instructed the jury on second-degree murder and manslaughter. Under these facts, the jury could, and did, infer that Harshaw knowingly killed his victim with extreme indifference to the value of human life.

The jury heard testimony from witnesses presented by the State and determined that Harshaw should be convicted of second-degree murder because he knowingly caused Cunningham's death under circumstances manifesting extreme indifference to the value of human life. The jury obviously determined the credibility of the witnesses and resolved any questions of conflicting testimony in favor of the State. The jury was not left to speculate on whether Harshaw caused Cunningham's death knowingly or recklessly. The jury chose to convict on the second-degree murder charge. Therefore, this court should not disturb the jury's conviction and sentence. It is reasonable that Harshaw "knew" he would cause death to Cunningham when he pulled a shotgun out of the trunk of his car and shot Cunningham at point-blank range. The jury was not left to speculation that Harshaw either knowingly acted with extreme indifference to the value of human life or recklessly and consciously disregarded a substantial and unjustified risk that Cunningham's death would result from Harshaw's conduct.

Therefore, we affirm the trial court's order denying Harshaw's motion for directed verdict.

Affirmed.