Josephine-Linker Hart, Justice, dissenting. I respectfully dissent because the majority has not complied with the dictates of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and its progeny. As this court recently explained, filing an Anders brief is permissible only when an attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client’s appeal, and after having identified all of the potential adverse rulings, the attorney determines that an appeal from those rulings would be “frivolous.” Her v. State, 2015 Ark. 91, 457 S.W.3d 659 (citing Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988)). In an Anders case, the .standard is not whether the appellant has a an argument that will result in a reversal of his- or her conviction; it is. whether it would be wholly .frivolous — essentially unethical — to argue a particular point. It has been my experience on this court and on the court of appeals that more, than ninety percent of all criminal appeals are affirmed. At the same time, I am not aware of a single instance in which an attorney has been sanctioned or even referred to the Arkansas Committee on Professional Conduct for making an unsuccessful appellate argument, even when the issue was not preserved for review. In my view, it would not be Mvolous to challenge the circuit court’s refusal to give a manslaughter instruction. A party is entitled .to a jury instruction if there is any supporting evidence for the instruction. Morris v. State, 351 Ark. 426, 94 S.W.3d 913 (2003) (citing Henderson v. State, 349 Ark. 701, 80 S.W.3d 374 (2002)). The standard of “any supporting | ^evidence” is perhaps the lowest showing required in the law; it is reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by even the slightest evidence. ‘See Brown v. State, 347 Ark. 44, 60 S.W.3d 422 (2001); Ellis v. State, 345 Ark. 415, 47 S.W.3d 259 (2001); Harshaw v. State, 344 Ark. 129, 39 S.W.3d 753 (2001). This court has said no right has been more zealously protected by this court than the right of an accused to have the jury instructed on lesser-included offenses. Brown v. State, supra;Rainey v. State, 310 Ark. 419, 837 S.W.2d 453 (1992); Robinson v. State, 269 Ark. 90, 598 S.W.2d 421 (1980). It is proper to affirm the trial court’s decision to exclude an instruction on a lesser-included offense only if there is no rational basis for giving the instruction. Brown, supra. The majority correctly notes that reckless manslaughter involves conduct whereby “a person consciously disregards a substantial risk” that his conduct will result in the death of a person. Yet, it discounts the testimony that appellant fired his gun at the victim’s car, without specifically targeting the victim — one shot was aimed at the hood' of the car, the other shot, which killéd the victim, was aimed at the windshield. Further, as the majority notes, there was testimony that appellant intended to merély to scare the victim, not kill him;' Thus, an argument on appeal that the circuit court erred by refusing to give' a reckless-manslaughter instruction would not be frivolous; I am mindful that the so-called “skip rule” could; potentially have been invoked to dispose of this particular issue. In my research, I found the skip rule used in our cases at least fifteen times, but never in the Anders context. Indeed, decisions relying on the skip rule have engendered a dissent and two concurrences, which indicates that this issue is not so well | ^settled as to make an appellate argument about the entitlement to a reckless-manslaughter instruction wholly frivolous. Likewise, the circuit court’s refusal to give an extreme-disturbance-manslaughter instruction would not be frivolous. For a jury to be instructed on extreme-disturbance manslaughter, there must be evidence that the defendant killed the victim in the moment following some kind of provocation, such as physical fighting, a threat, or brandishing a weapon. Boyle v. State, 363 Ark. 356, 362, 214 S.W.3d 250, 253 (2005). I cannot ignore that there was testimony that the victim had a gun in his hand when he was found dead. The essence of brandishing a weapon is holding it in one’s hand. I am not aware' of how a person would be able to take hold of a weapon post mortem. The majority’s contention that this issue, which came before the court as a pro se point, need not be addressed, fails to comport with the Anders blueprint. Pro se parties who are facing the withdrawal of their appellate counsel under Anders must only raise issues requiring the attention of counsel. Ark. S.Ct. R. 4-3(k)(2). They need not be fully developed, appellate arguments — the pro se party already has appellate counsel. As for the majority’s contention that the argument was not made below, preservation of this issue was at least as solid as the reckless-manslaughter issue. It is disingenuous to suggest otherwise. I would deny counsel’s motion to withdraw and order rebriefing in merit form. Baker, J., joins.