RAYMOND R. ABRAMSON, Judge
Stanley Nelson appeals the Pulaski County Circuit Court order denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.5 (2017). We affirm the circuit court's decision denying postconviction relief.
On October 7, 2013, the State charged Nelson with first-degree murder of Latravis Morant and first-degree battery of Sedrick Green, along with a firearm enhancement and an in-the-presence-of-children enhancement. The court held a jury trial from October 21 through 24, 2014.
The testimony at trial showed that on August 14, 2013, Nelson, Green, and Morant were drinking alcohol and playing a dice game with Nelson's cousin, Courtney Marshall, when a physical altercation developed between Green and Marshall. Nelson grabbed a gun from Marshall's waistband and began shooting. Morant was shot in the abdomen while trying to interfere with the fight. He later died at the hospital. Green was shot in the arm and thigh while he was on the ground fighting Marshall. He survived his injuries. At trial, the jury was instructed on the justification defense as to both the murder and the battery charges. The jury convicted Nelson of second-degree murder and first-degree battery. He was sentenced to thirty-five years' imprisonment for second-degree murder and eleven years' imprisonment for first-degree battery.
On November 11, 2014, Nelson filed a motion for a new trial and asserted a claim of ineffective assistance of counsel. Specifically, he asserted that his counsel was ineffective for submitting a flawed jury instruction on the justification defense for the battery charge. The court denied Nelson's motion.
On appeal, this court affirmed Nelson's convictions. See Nelson v. State , 2015 Ark. App. 697, 477 S.W.3d 569. The mandate was issued on January 29, 2016.
On April 21, 2017, Nelson filed a third amended Rule 37 petition.[1] In the petition, he alleged that his trial counsel was ineffective for (1) submitting a flawed jury instruction on his justification defense to the battery charge; (2) advising him not to testify; (3) not introducing medical evidence of Marshall's injuries; (4) failing to *534 elicit testimony about Green's prior acts of domestic violence; (5) failing to call witnesses for sentencing; and (6) failing to request a nonmodel jury instruction on imperfect self-defense.
The circuit court held an evidentiary hearing on September 28 and October 5, 2017. On the first day of the hearing, the court found that it was precluded from considering Nelson's claim concerning the flawed jury instruction because this court had rejected the argument on direct appeal.
On October 3, 2017, Nelson filed a motion to amend his Rule 37 petition, requesting leave to modify his argument concerning the flawed jury instruction. Specifically, he sought to claim that his counsel was ineffective in asserting his original ineffective-assistance-of-counsel claim for failing to argue that he had suffered prejudice due to the flawed jury instruction. On the second day of the hearing, the court orally granted Nelson's motion to amend.
On November 9, 2017, the circuit court entered a written order denying Nelson's Rule 37 petition. In the order, the court denied Nelson's claims alleged in his April 21, 2017 petition. The court did not consider Nelson's amended claim concerning counsel's failure to allege prejudice as a result of the flawed jury instruction. Therefore, on November 13, Nelson filed a motion to reconsider the denial of his Rule 37 petition. In the motion, he requested the court to rule on his amended claim. The court never issued an order on the motion.
On December 6, Nelson timely appealed the court's November 9 order to this court, and on December 14, Nelson filed a second notice of appeal to include the court's "deemed-denial" of his motion for reconsideration.
This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. Reed v. State , 2011 Ark. 115 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Id.
The benchmark question to be resolved in judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Norris v. State , 2013 Ark. 205, 427 S.W.3d 626 (per curiam). We assess the effectiveness of counsel under a two-prong standard as set forth by the United States Supreme Court in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Lowe v. State , 2012 Ark. 185, 423 S.W.3d 6 (per curiam). Under the Strickland test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. Id. A claimant must satisfy both prongs of the test, and it is unnecessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. See Pennington v. State , 2013 Ark. 39, 2013 WL 485660 (per curiam).
A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the petitioner by the Sixth Amendment to the United States Constitution. Walton v. State , 2013 Ark. 254, 2013 WL 2460191 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable *535 professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel that, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. Id.
In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. Delamar v. State , 2011 Ark. 87, 2011 WL 693579 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id.
On appeal, Nelson first argues that the circuit court erred in finding that his trial counsel was not ineffective in asserting his ineffective-assistance-of-counsel claim in his motion for a new trial. Specifically, he asserts that his counsel was ineffective for failing to allege he was prejudiced by the flawed instruction. The State argues that Nelson's argument is not preserved for our review because he failed to obtain a ruling on the issue.
We agree with the State that the argument is not preserved for our review. When the circuit court provides written findings on at least one, but less than all, of the petitioner's claims, our supreme court has held that an appellant has an obligation to obtain a ruling on any omitted issues if they are to be considered on appeal. Cowan v. State , 2011 Ark. 537, 2011 WL 6275694 (per curiam). When a petitioner requests the circuit court to provide a ruling on an omitted issue and the circuit court fails to do so, the petitioner must file for a writ of mandamus in our supreme court, asking the court to direct the circuit court to act on the motion to provide the requested rulings. Barber v. State , 2016 Ark. 54, 482 S.W.3d 314 (citing Strain v. State , 2012 Ark. 184, 423 S.W.3d 1 ). Because a motion to address an omitted issue in a Rule 37 petition is ministerial and is not discretionary, a writ of mandamus is the only remedy available to a postconviction petitioner. Id. ; see Carter v. Chandler , 2012 Ark. 252, 2012 WL 1950250 (per curiam) (holding that the "deemed denied" provision of Ark. R. App. P.-Civ. 4(b) does not apply to Rule 37 appeals and a petitioner's recourse is through a writ of mandamus). Because Nelson failed to file for a writ of mandamus asking the supreme court to direct the circuit court to act on the motion to provide the requested ruling, the issue is not preserved for our review. Accordingly, we must affirm on this point.
Nelson next argues that the circuit court erred in finding that his trial counsel was not ineffective for preventing him from testifying in his own defense. He recognizes that he has a prior conviction for unlawful discharge of a firearm and that his testimony would have opened the door for discussion of that conviction; however, he asserts that he was unaware that he had a choice whether to testify and that counsel should have prepared and advised him to testify when his justification defense was not established by other witnesses.
The Supreme Court of the United States has held that a criminal defendant has a right to testify on his own behalf if he chooses to do so. Rock v. Arkansas , 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). Counsel may only advise the accused in making the decision. Sartin v. State , 2012 Ark. 155, 400 S.W.3d 694 ; Chenowith v. State , 341 Ark. 722, 19 S.W.3d 612 (2000) (per curiam). This court has consistently held, however, that the mere fact that a defendant did not testify is not, in and of itself, a basis for postconviction *536 relief. See, e.g. , Dansby v. State , 347 Ark. 674, 66 S.W.3d 585 (2002). Ordinarily, counsel's advice to the defendant not to testify is simply a matter of trial strategy. Williams v. State , 2011 Ark. 489, 385 S.W.3d 228 ; Chenowith , 341 Ark. 722, 19 S.W.3d 612. The lack of success with trial tactics in obtaining an acquittal does not equate with ineffective assistance of counsel. O'Rourke v. State , 298 Ark. 144, 765 S.W.2d 916 (1989) ; see also Fink v. State , 280 Ark. 281, 658 S.W.2d 359 (1983). It is axiomatic that credibility determinations are within the province of the circuit court. Chenowith , 341 Ark. at 734, 19 S.W.3d at 618. Moreover, it is clear that an attorney's advice to a defendant on whether to testify and the defendant's decision to take or not take the stand are not grounds for postconviction relief predicated on ineffective assistance of counsel. Williams v. State , 2011 Ark. 489, 385 S.W.3d 228.
In this case, we hold that the circuit court did not err in finding that Nelson's counsel was not ineffective for advising Nelson not to testify. At the evidentiary hearing, counsel testified that he had advised Nelson throughout the proceedings not to testify due to the nature of his previous conviction but that Nelson made the final decision not to testify. Counsel explained that Nelson's prior conviction involved Nelson's firing a gun in front of a nightclub, hitting a woman in the arm and seriously injuring her. He noted that the woman was present at trial and prepared to testify about the incident. Counsel believed that he could not "lessen the sting" of the prior conviction to the jury; thus, he consistently advised Nelson not to take the stand. Even though Nelson maintains on appeal that he did not know he had the ultimate decision not to testify, the circuit court specifically found him not credible. Furthermore, even without Nelson's testimony, there was evidence presented that Green and Morant, the victims, had been in a physical altercation with Nelson's cousin, Marshall, at the time of the incident. Accordingly, we hold that Nelson has failed to establish that counsel was deficient as to this claim.
Nelson next argues that the circuit court erred in finding that counsel was not ineffective for failing to introduce medical evidence concerning Marshall's injuries. At the evidentiary hearing, Dr. Robert Schroeder, an ophthalmologist, testified that Marshall sustained a blowout fracture to his left eye and that such injury could result in serious and permanent eye damage. Nelson asserts that if such medical evidence had been presented at trial concerning Marshall's injuries, there was a reasonable probability that the jury would have accepted Nelson's justification defense and convicted him of a lesser charge.
We disagree. The decision whether to call particular witnesses is a matter of professional judgment, and even if another attorney would have chosen a different course, it is not grounds for postconviction relief on the basis of ineffective assistance of counsel. Williams v. State , 2016 Ark. 459, 504 S.W.3d 603. Counsel is allowed great leeway in making strategic and tactical decisions, particularly when deciding not to call a witness. Noel v. State , 342 Ark. 35, 26 S.W.3d 123 (2000).
In this case, at the evidentiary hearing, counsel testified that he had obtained Marshall's medical records before trial, but he believed the records "downplayed" Marshall's injuries. Instead, he offered evidence of Marshall's injuries through a responding officer's testimony that she was concerned about Marshall's condition and that she called emergency medical services. He also introduced photos of the injuries. Given this testimony, we cannot *537 say that counsel's approach was objectively unreasonable. Accordingly, we find no merit to this claim.
Nelson next argues that the circuit court erred in finding that counsel was not ineffective for failing to elicit evidence of Green's prior acts of domestic violence against Quante Blakely. Green was the battery victim, and Blakely had informed Nelson that Green had committed acts of domestic violence against her. Nelson asserts that his knowledge of Green's prior acts was relevant to his justification defense.
Our review of the record shows that counsel tried to elicit testimony concerning Green's prior acts of domestic violence against Blakely. Specifically, during Blakely's testimony at trial, counsel questioned her about what she had told Nelson about Green. The State objected to the testimony concerning the domestic violence, and the court sustained the objection. Accordingly, counsel sought to introduce the domestic-violence evidence; thus, Nelson cannot establish a deficiency.
Nelson argues that the circuit court erred in finding that counsel was not ineffective for failing to call additional witnesses during sentencing. He points out that counsel received several reference letters from coworkers and friends for his parole-revocation hearing but that counsel failed to approach those individuals to testify at sentencing. He claims that if the jury had heard testimony from those individuals, he would have received a lesser sentence.
As we have stated herein, the decision whether to call particular witnesses is a matter of professional judgment. Williams , 2016 Ark. 459, 504 S.W.3d 603. When assessing counsel's decision not to call a particular witness, we must take into account that the decision is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. Anthony v. State , 2014 Ark. 195, 2014 WL 1716538. Trial counsel must use his best judgment to determine which witnesses will be beneficial to the client. Id.
In this case, counsel testified that he called Nelson's mother and his fiancée to testify because they were the "most poignant" and that he did not call additional witnesses because he believed their testimony would have been "cumulative." Given this testimony, we hold that counsel's decision not to call the additional witnesses was a matter of professional judgment.
Nelson lastly argues that the circuit court erred in finding that counsel was not ineffective for failing to request a nonmodel jury instruction on imperfect self-defense in accordance with Arkansas Code Annotated section 5-2-614 (Repl. 2013). In making his argument, he relies on Harshaw v. State , 344 Ark. 129, 39 S.W.3d 753 (2001). He asserts that Harshaw holds that a defendant is entitled to a nonmodel jury instruction on imperfect self-defense pursuant to section 5-2-614 when there is evidence that the defendant recklessly or negligently formed the belief that force was necessary.
We disagree with Nelson and hold that the circuit court did not err in finding that counsel was not ineffective for failing to request a nonmodel jury instruction pursuant to section 5-2-614. Arkansas Code Annotated section 5-2-614 states as follows:
(a) When a person believes that the use of physical force is necessary for any purpose justifying that use of physical force under this subchapter but the person is reckless or negligent either in forming that belief or in employing an excessive degree of physical force, the justification afforded by this subchapter is unavailable in a prosecution for an offense for which recklessness or negligence suffices to establish a culpable mental state.
(b) When a person is justified under this subchapter in using physical force but he or she recklessly or negligently injures or creates a substantial risk of injury to a third party, the *538 justification afforded by this subchapter is unavailable in a prosecution for the recklessness or negligence toward the third party.
In Harshaw , our supreme court held that it is reversible error to refuse to instruct on the lesser-included offense of manslaughter when there is the slightest evidence to support the instruction. Id. ; see Norris v. State , 2010 Ark. 174, 368 S.W.3d 52. It does not hold that a defendant is entitled to a nonmodel jury instruction concerning section 5-2-614. See Harshaw , 344 Ark. 129, 39 S.W.2d 753. Thus, we cannot say that Nelson has established that counsel's failure to request a nonmodel jury instruction was objectively unreasonable. Accordingly, we hold that the circuit court did not err in finding that Nelson's claim had no merit.
Affirmed.
Virden and Hixson, JJ., agree.

Nelson filed his original petition on March 23, 2016. He subsequently filed amended petitions on September 21, 2016, and February 17, 2017.